## Charles W. Thomas

### *v.*

## The Citizens' Horse Railway Company.

*Filed at Mt. Vernon Sept. 29, 1882—Rehearing denied November Term, 1882.*

1. RAILROAD CORPORATION—*power to borrow money and give mortgage.* Under the statute authorizing a railroad company to borrow money for certain purposes, to dispose of its bonds for the sum so borrowed, and to mortgage its property and franchises to secure the same, upon the concurrence of the holders of two-thirds in amount of the stock of such corporation, to be expressed at a meeting of stockholders to be called by the

directors, who are to give notice, etc., a resolution of the directors at a directors' meeting, authorizing and directing the execution of a mortgage for a loan, it being shown that they were the only stockholders except one, and that all the stockholders assented to the making of the mortgage, while not a literal compliance with the law is a substantial compliance with its spirit, and the mortgage will be held good.

2. The statute requires the concurrence of the holders of two-thirds in amount of the stock of the corporation to the proposition to borrow money and mortgage the corporate property. In such case, whether the stockholders received such a notice of the meeting as the statute requires, is a matter of no importance, if they met and acted upon the question. Their action is as binding as if they had the proper notice.

3. SAME—*when a directors' meeting is a stockholders' meeting.* Under a statute requiring the concurrence of the holders of two-thirds of the stock of a corporation to mortgaging the corporate property for a loan of money, to be expressed at a meeting of the stockholders called by the directors for that purpose, a meeting of the directors, who are the only stockholders except one, at which all assent to the proposition, is in effect a meeting of the stockholders, and the act of the directors that of the stockholders. The requirement of the concurrence of the holders of two-thirds of the stock, is intended for the protection of the stockholder, and is a matter in which the public have no interest.

4. CORPORATION—*estopped to deny its liability after receiving benefits of its contract.* Where power is conferred upon a corporation to borrow money, and secure the same by mortgage on its property, such corporation, after having received the loan on the security of its mortgage, will not be allowed to avoid liability by questioning its power to make the mortgage, or showing a defective execution of the power conferred upon it.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding

Mr. CHARLES W. THOMAS, *pro se:*

Railroad companies, under the general law, are authorized to borrow money and mortgage their property only by the act or direction of their stockholders. They can not do so through their directors only acting in their behalf. The statute is not merely a law providing that mortgages shall be made in a prescribed manner, but it attaches a penalty to a breach of its provisions, and declares that any mortgage not made as it provides, shall be void. Rev. Stat. chap. 114,

sec. 20, paragraph 10 ; *Cincinnati Mutual Health Association*
v. *Rosenthal,* 55 Ill. 85.

· Whatever may have been the considerations inducing the
enactment, it must be taken .that when the legislature de-
clares an act to be void, it is not merely voidable. The thing
which is void is as though it never had been.

Messrs. G. & G. A. KOERNER, for the defendant in error:

Any corporation having the power to borrow money may
give security therefor. *Aurora Agricultural Society* v. *Pad-
dock et al.* 80 Ill. 263 ; Angell & Ames on Corporations, sec.
101 ; Brice's Ultra Vires, 121, 122.

This corporation was empowered to make loans of money.
Rev. Stat. sec. 10, chap. 114 ; also, sec. 19.

. The acts of corporations or their directors, however irregu-
lar, can not be called in question collaterally. (Angell & Ames
on Corporations, pp. 160, 161.) Here, neither the company
nor its directors or stockholders are seeking to avoid the
mortgage, or the sale under it. *Enders* v. *Board of Public
Works,* 1 Gratt. 364 ; *Chamberlin* v. *Painesville R. R. Co.* 15 .
Ohio St. 255 ; *Gordon* v. *Preston,* 1 Watts, 385.

Innocent purchasers are not affected by irregularities or
defective execution of powers. *Ryan* v. *Lynet,* 68 Ill. 160 ;
*Sherlock* v. *Winnetka,* id. 530 ; *Maxcy* v. *Williamson County,*
72 id. 207 ; *Burr* v. *City of Carbondale,* 76 id. 45.

The record shows that the directors were the only stock-
holders but one, and that all the stockholders assented to
making the loan and giving the mortgage. It is laid down
that even persons not present and who did not receive notice,
may, by subsequent acquiescence in the resolutions passed,
if *infra vires,* be bound by the same, and be unable to object
to the want of notice. *Stebbins* v. *Ment,* 10 Cush. 27 ; *People*
v. *Peck,* 11 Wend. 600 ; *Jones* v. *Milton T. Co.* 7 Ind. 597.

But even if the Belleville railway company had no power to
make the mortgage, yet, having received a consideration from

those for whose benefit the mortgage was given, the company is estopped to invoke the doctrine *ultra vires,* and in this respect the purchaser under a foreclosure of the mortgage will be protected equally with the mortgagee. *Bradley* v. *Ballard,* 55 Ill. 413; *Aurora Agricultural Society* v. *Paddock,* 80 id. 263; *Ottawa North. Plank Road Co.* v. *Murray,* 15 id. 336; *Darst* v. *Gale,* 83 id. 136; *Jones* v. *Guaranty and Indemnity Co.* 101 U. S. 628; *Board of Comrs.* v. *Lafayette R. R. Co.* 50 Ind. 85, the court in the latter case distinguishing a case like the present from *Cincinnati Mutual Health Association* v. *Rosenthal,* 55 Ill. 85.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by Charles W. Thomas, against the Citizens' Horse Railway Company, to recover the possession of certain property in St. Clair county. Both parties claimed title from a common source—the Belleville railway company. The plaintiff claims under a judgment rendered May 6, 1875, upon which the property was sold, and a sheriff's deed executed purporting to convey the same to him. The defendant claims under a deed of trust executed by the Belleville railway company to Edward Abend, to secure the sum of $75,000, upon which the property was sold, and a deed made by the trustee named in the deed of trust, to him. The deed of trust having priority over the judgment, if that instrument was valid the title to the premises without doubt passed to the defendant. But the plaintiff claims that the deed of trust was not executed in the mode provided by the statute, and hence is void.

The Belleville railway company was organized under the general Railroad Incorporation law of 1872, now chapter 114 of the revision of 1874. Section 20 provides, that every corporation formed under this act shall, in addition to the powers hereinbefore conferred, have power, (paragraph 10,) "from time to time, to borrow such sums of money as may

be necessary for completing, finishing, improving or operating any such railway, and to issue and dispose of its bonds for any amount so borrowed, and to mortgage its corporate property and franchises to secure the payment of any debt contracted by such corporation for the purposes aforesaid; but the concurrence of the holders of two-thirds in amount of the stock of such corporation, to be expressed in the manner and under all the conditions provided in the 15th section of this act, shall be necessary to the validity of any such mortgage, and the order or resolution for such mortgage shall be recorded, as provided in the 2d section of this act." When the company desires to increase its capital stock, section 15 of the act requires the directors to call a meeting of the stockholders, and requires certain notice to be given each stockholder of that meeting. Section 2 provides for recording in the office of the Secretary of State, and in the recorder's office of each county through which the road may run. No meeting of the stockholders was called or held in the manner pointed out in the statute cited above, and hence it is claimed that the mortgage or deed of trust is void.

The defendant proved on the trial that the directors of the company were the only stockholders except one, and that they all assented to the making of the mortgage, and, as directors, passed a resolution directing and authorizing the execution of the mortgage. This action of the directors of the company was not a literal compliance with the terms of the statute, but it may be regarded as a substantial compliance with the spirit of the law, which is all that can be required. The statute requires the concurrence of the holders of two-thirds in amount of the stock of the corporation to the proposition to borrow money and mortgage the corporate property. Whether the stockholders received such a notice of the meeting as the statute requires, is a matter of no importance. If they met and acted upon the question, their action will be as binding as if they had the proper notice.

The proof shows that they did meet, and assented to the execution of the mortgage. It may be said that the resolution which authorized the loan was the act of the directors, but this is answered by the proof that the directors were the only stockholders of the company but one, and that all the stockholders assented. The act of the directors was, in effect, the act of the stockholders, and the resolution which authorized the loan may be regarded as the action or concurrence of the holders of two-thirds in amount of the stock of the corporation, which is all that the statute requires. The meeting, although called a meeting of the directors, was in fact a stockholders' meeting. The statute requiring the concurrence of the holders of two-thirds in amount of the stock of the corporation before a loan should be made and a mortgage executed, was no doubt passed for the protection of stockholders. It is a matter in which the public have no interest, and it may be true, if the owners of two-thirds of the stock had not concurred, they might, in a proper proceeding, have avoided the mortgage, but as they did concur in the loan and the mortgage they are concluded by such concurrence.

There is another view that may be taken of the case which is conclusive against the right of plaintiff to recover. The plaintiff claims to have acquired the title to the property held by the Belleville railway company. He has the same, but no greater, rights than the company had in the property. In legal effect he stands in the shoes of the Belleville railway company, with the right to interpose the same defence to the mortgage that the company might make, but no other defence. Suppose a bill had been filed to foreclose the mortgage, could the Belleville railway company, after it had received the money, avoid liability by questioning its authority to execute the mortgage? A similar question arose in *Ottawa Northern Plank Road Co.* v. *Murray,* 15 Ill. 336, and this court held that where a corporate company receives

money, and executes a mortgage to secure repayment, the company can not avoid liability by questioning the authority of the persons making the loan. See, also, *Aurora Agricultural Society* v. *Paddock,* 80 Ill. 263, where a similar doctrine is announced. The statute conferred upon the Belleville railway company power to borrow money, and secure the same by mortgage, and although the directors did not observe strictly all the requirements of the statute in making the mortgage, the defective execution of the power conferred by the statute did not vitiate the mortgage.

The judgment of the circuit court will be affirmed.

<div align="right">

*Judgment affirmed.*