## THE J. W. BUTLER PAPER COMPANY

### *v.*

### H. I. CLEVELAND *et al.*

*Opinion filed February 21, 1906.*

1. CORPORATIONS—*proof of corporation de jure is necessary to enable directors to escape personal liability.* Proof of a corporation *de facto* does not relieve directors and officers from the personal liability imposed by section 18 of the Incorporation act, proof of a corporation *de jure* being essential to produce that effect.

2. SAME—*failure to observe directory provision of statute does not defeat corporate organization.* Failure to substantially comply with a mandatory provision of the statute relating to organization of corporations prevents the corporation from becoming one *de jure,* but failure to observe a provision which is merely directory does not have that effect.

3. SAME—*failure to mail notice of first meeting of stockholders does not defeat corporate organization.* Failure to mail notices of the meeting of subscribers of capital stock to elect officers, as required by section 3 of the Corporations act, does not defeat corporate organization, where the stockholders all have actual notice of the meeting and join in waiving the mailing of notices, since such provision is directory, and not mandatory, notwithstanding the word "shall" is used therein. (*Loverin* v. *McLaughlin,* 161 Ill. 417, distinguished.)

4. SAME—*effect of section 4 requiring copy of notice to be filed with Secretary of State.* The requirement of section 4 of the Corporations act, that a copy of the notice of the meeting to elect offi-

cers, required by section 3 of the act, shall be filed with the Secretary of State with the report, does not show that the provision for the mailing of notices is mandatory, and such requirement is sufficiently complied with where the written waiver of such notice, signed by the subscribers of the capital stock, is so filed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

ASA Q. REYNOLDS, (WILLIAM A. BITHER, of counsel,) for appellant.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This suit was brought in the superior court of Cook county by the J. W. Butler Paper Company against Frederick W. Chamberlain, Harold I. Cleveland and Harriet F. Cleveland, to recover the sum of $1305.80 alleged to be due the plaintiff for merchandise sold by it to the defendants as officers and directors of the C. & C. Company, a corporation organized under the statute of this State. Chamberlain was a resident of the State of Michigan, and process was not served upon him. The other two defendants entered their appearance and filed the general issue to the plaintiff's declaration. A trial was had before the court without a jury, by agreement of the parties, upon a stipulation of facts, and the court found the issues in favor of the defendants, and, after overruling a motion for a new trial, entered judgment against the plaintiff for costs of suit. The plaintiff appealed to the Appellate Court for the First District, and that court having affirmed the judgment of the superior court, a further appeal has been prosecuted to this court.

The only question arising upon the record in the case, which is presented by certain propositions of law offered by the plaintiff below and refused by the court, is whether there

220—9

was such a failure to comply with the provisions of "An act concerning corporations," (approved April 18, 1872, in force July 1, 1872,) in organizing the C. & C. Company, of which the defendants were officers and directors at the time the merchandise was sold by the plaintiff to the C. & C. Company, as to render the defendants individually liable to the plaintiff therefor under section 18 of chapter 32, Hurd's Revised Statutes of 1903. That section, which was construed by this court in *Loverin* v. *McLaughlin,* 161 Ill. 417, reads as follows:

"If any person or persons being, or pretending to be, an officer or agent, or board of directors, of any stock corporation, or pretended stock corporation, shall assume to exercise corporate powers, or use the name of any such corporation, or pretended corporation, without complying with the provisions of this act, before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation, or pretended corporation."

The sole ground relied upon by the plaintiff as showing a defective incorporation of the C. & C. Company is the fact that the meeting of the subscribers to the capital stock of the company, held for the purpose of electing directors and for the transaction of such other business as might come before them, was not called in the manner pointed out by the statute.

Section 3 of chapter 32, *supra,* provides that notice of such meeting shall be given "by depositing in the post-office, properly addressed to each subscriber, at least ten days before the time fixed, a written or printed notice, stating the object, time and place of such meeting."

Frederick W. Chamberlain, Harold I. Cleveland and Harriet F. Cleveland were the only subscribers to the capital stock of the C. & C. Company. The license to open books of subscription to the capital stock of the company was issued on December 10, 1902. On December 12, 1902, the

three subscribers above named executed a written instrument by which they waived the notice provided for by section 3, *supra,* and requested the commissioners to convene the meeting at twelve o'clock, noon, of that day at room 913 Monadnock block, in the city of Chicago, for the purpose of electing directors and the transaction of such other business as might come before them. Prior to the meeting, in pursuance of this written instrument, a notice was personally delivered to each of the three subscribers, notifying them of the object, time and place of the meeting. The subscribers met at the time and place specified and elected a board of directors, consisting of themselves and George A. Miller, who was one of the commissioners to whom the license had been issued by the Secretary of State.

A decision of this case depends upon the question whether the C. & C. Company is a corporation *de jure.* Proof of a corporation *de facto* does not relieve the directors and officers of the corporation from the liability imposed by section 18, *supra.* There must be a corporation *de jure* in order to escape that liability. *Loverin* v. *McLaughlin,* 161 Ill. 417; *Gunderson* v. *Illinois Trust and Savings Bank,* 199 id. 422.

The statute prescribes a certain course to be pursued in organizing a corporation in this State. It does not necessarily follow, however, that any departure from that course will prevent a corporation from becoming one *de jure.* Whether or not such departure will have that effect depends upon the nature of the provision which is violated. If it is a mandatory provision, a failure to substantially comply with its terms will prevent the corporation from becoming one *de jure;* but if the provision is merely directory, then a departure therefrom will not have that consequence.

In Cooley's Constitutional Limitations (star page 78) it is said: "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by a failure to obey which the rights of those interested

will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute."

The provision of the statute here under consideration, requiring notice of the first meeting to be given to the subscribers to the capital stock of a corporation being organized, by mailing to them notices stating the object, time and place of such meeting, at least ten days before the time fixed for such meeting, is evidently intended only as a direction "given with a view merely to the proper, orderly and prompt conduct" of the commissioners in calling such meeting, and a failure to obey that provision will not prejudice the rights of any persons interested therein if the same result is reached in some other mode. The only persons interested in the result to be attained by giving notice of the object, time and place of a meeting of the subscribers to the capital stock of a corporation for the purposes specified in the statute are the subscribers themselves. We perceive no reason why such persons, where all agree thereto, may not waive the giving of the statutory notice, if the meeting is actually held, as the purpose of the statute in requiring the notices to be given has in such case been accomplished.

The mere fact that the word "shall" is used in the statute in providing for the notice does not render the provision mandatory. *Canal Commissioners* v. *Sanitary District*, 184 Ill. 597.

In the case of *Newcomb* v. *Reed*, 12 Allen, (Mass.) 362, in discussing the effect upon the legality of a corporation where the call for the first meeting was signed by only one of the persons named in the act of incorporation instead of by a majority of such persons, as required by the statute of Massachusetts, the court said: "The organization was not strictly regular, but can hardly be considered even as defective. And if the object of the statute is regarded, by

which it is required that the first meeting shall be called by a majority of the persons named in the act of incorporation, it will be evident that it is directory, merely, and only designed to secure the rights conferred by the charter to those to whom it was granted, among themselves, by providing an orderly method of organization. Thus, if all the persons interested should come together without any notice or call whatever, and proceed to accept the charter and do the other acts necessary to constitute the corporation, we cannot doubt that their action would be valid, and that neither the public, nor any persons not belonging to the association, would have any interest to question their proceedings. The purpose of the statute was probably to avoid such difficulties as were disclosed in the case of *Lechmere Bank* v. *Boynton,* 11 Cush. 369, where two parties had attempted to organize separately under the same charter, each claiming to be the corporation."

Cases have also arisen in this State in which the effect of a failure to give notice of corporate meetings in the manner provided by statute have been considered, and it has been uniformly held that it is immaterial whether or not such notice has been given in the manner pointed out by the statute, if the persons entitled to such notice actually attend the meeting and participate in the business there transacted. *Thomas* v. *Citizens' Horse Railway Co.* 104 Ill. 462; *Gade* v. *Forest Glen Brick Co.* 165 id. 367.

This case is distinguishable from *Loverin* v. *McLaughlin, supra,* which is relied upon by appellant, in that notice of the first meeting of subscribers is not intended for the benefit of the public, as no publicity of such meeting is required, but is merely for the benefit of the subscribers, while in the *Loverin case* the provision which was not complied with was that requiring the certificate of complete organization issued by the Secretary of State to be filed and recorded in the office of the recorder of deeds of the county in which the principal office of the corporation is located, and a compliance with the statute in that regard was essential because the

provision was one for the benefit of the public, and could not be waived.

It is urged that the fact that section 4 of the act in question requires à copy of the notice provided for by section 3, *supra,* to be included in the report made to the Secretary of State, shows that the statute contemplates compliance with the statute in regard to giving notice. We think this provision is fully satisfied by including in such report the written instrument signed by all the subscribers in which such notice is waived.

The superior court did not err in refusing the propositions of law and in entering judgment upon the stipulation of facts in favor of the defendants and against the plaintiff for costs.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*