## CALDER *v.* THE STATE OF MICHIGAN, *Ex rel.* ATTORNEY GENERAL.

### ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 58.   Argued November 29, 30, 1910.—Decided December 12, 1910.

This court does not inquire into the knowledge, negligence, methods or motives of the legislation if, as in this case, the statute is passed in due form; and where the statute repeals the charter of a corporation under the reserved power of repeal, the only question here is whether the statute goes beyond the power expressly reserved.

A corporation contracts subject, and not paramount, to reservations in its charter and cannot, by making contracts or incurring obligations, remove or affect such reservations.

A franchise given by a city to a public service corporation does not enlarge the right of the corporation to exist as against an expressly reserved power to repeal the charter, even if the corporation has mortgaged such franchise.

In this case, *held* that the question of parties is not open in this court. 153 Michigan, 724, affirmed.

THE facts are stated in the opinion.

*Mr. Henry A. Forster* and *Mr. Willard Kingsley,* with whom *Mr. John E. More* was on the brief, for plaintiffs in error:

The franchise of a public corporation to operate its

plant or works is separate and distinct from its franchise to
be a corporation, and is transferable as such independ-
ently of the life of the original corporation. *Detroit* v.
*Detroit Citizens' Street Ry. Co.,* 184 U. S. 368, 394, 395;
*Minneapolis* v. *Street Ry. Co.,* 215 U. S. 417, 430; *People*
v. *O'Brien,* 111 N. Y. 2, 36–38, 40, 47; *Suburban Rapid
Transit Co.* v. *Mayor,* 128 N. Y. 510, 520; *Miner* v. *New
York Central & H. R. R. R. Co.,* 123 N. Y. 242, 250; *De-
troit Citizens' St. Ry. Co.* v. *City of Detroit,* 12 C. C. A.
365, 370; *S. C.,* 64 Fed. Rep. 628, 633; *Lord* v. *Equitable
Life Assurance Society,* 194 N. Y. 212, 225, 228.

A corporate franchise cannot be separated from the
lands or works essential to its enjoyment by the sale of
the latter; because to separate its tangible property from
its intangible property, would impair its creditors' rights.
*Gue* v. *Tide Water Canal Co.,* 24 How. 257, 263; *Ham-
mock* v. *Loan and Trust Co.,* 105 U. S. 77, 89, 90; *People*
v. *O'Brien,* 111 N. Y. 2, 47.

Upon the dissolution of a corporation its property be-
comes a trust fund for the benefit of its creditors. *Citizens'
Savings Co.* v. *Ill. Cent. R. R. Co.,* 205 U. S. 46, 55; *Mellen*
v. *Moline Iron Works,* 131 U. S. 352, 366, 367.

Under the law of Michigan, public service corporations
are authorized to mortgage their franchises, hydrants,
pipes, poles, wires and rails in the public streets. The
purchaser of the franchise may operate it in accordance
with its provisions. *Telephone Co.* v. *St. Joseph,* 121
Michigan, 502, 508; *Detroit* v. *Mutual Gas Light Co.,*
43 Michigan, 594, 599, 605; *Joy* v. *Plank Road Co.,* 11
Michigan, 155, 165; Michigan Rev. Stat., 1846, c. 55,
§§ 9–16, 212; *Railroad Comm.* v. *Grand Rapids,* 130 Michi-
gan, 248.

The right of a public service corporation to mortgage
its franchise and privileges (though not its right to be a
corporation) necessarily includes the power to bring the
franchise and privileges to sale to make the mortgage

effectual. The purchaser at the sale acquires a good and valid title to the franchise, although the corporate right to exist may not be sold. *Vicksburg* v. *Waterworks Co.,* 202 U. S. 453, 464; *Julian* v. *Central Trust Co.,* 193 U. S. 93, 106; *New Orleans R. R. Co.* v. *Delamore,* 114 U. S. 501, 507; *Memphis R. R. Co.* v. *Commissioners,* 112 U. S. 610, 619.

Franchises of public service corporations are property and cannot be taken or used by others without compensation. *Willcox* v. *Gas Co.,* 212 U. S. 22; *Wilmington R. R. Co.* v. *Reid,* 13 Wall. 264.

A statute separating the tangible property of a corporation from its franchise, and taking the former for public use while forbidding any compensation for the latter, is unconstitutional. The legislature may determine what private property is needed for public use, but the question of compensation is a judicial one. The legislature may neither say what compensation shall be made nor fix the rule of compensation. *Monongahela Nav. Co.* v. *United States,* 148 U. S. 312, 327; *Vanhorne* v. *Dorrance,* 2 Dall. 304, 316; *Matter of New York,* 190 N. Y. 350.

The dissolution of a corporation cannot impair the obligation of its contracts or the claims of its creditors; they still remain in full force and unimpaired by virtue of the Constitution. *Mumma* v. *Potomac Co.,* 8 Pet. 281, 285, 286; *People* v. *O'Brien,* 111 N. Y. 2, 47, 48.

The so-called repealing acts are unconstitutional because they deprive the Hydraulic Company, its bondholders and other creditors of their property without due process of law, and deny to them the equal protection of the laws.

A reserved power to repeal or amend the charter of a corporation does not permit the invalidation or annulment of a lawfully executed mortgage, or of coupon bonds issued thereunder, or of any other valid debt incurred or lawful contract made before the passage of the repealing

act. Cases *supra* and *Sinking Fund Cases*, 99 U. S. 700, 721; *City Railway Co.* v. *Citizens' Railroad Co.*, 166 U. S. 558, 566; *Commonwealth* v. *Essex Co.*, 13 Gray, 239, 252; *Detroit* v. *Howell Plank Road Co.*, 43 Michigan, 141, 147.

An act repealing or amending the charter or powers of a corporation in order to abolish valid preëxisting debts or to abrogate lawful prior contracts, is unconstitutional, because as to the holders of those debts or contracts it is a denial of due process of law and a deprival of the equal protection of the laws. *Lake Shore Ry. Co.* v. *Smith*, 173 U. S. 684; *Commonwealth* v. *Essex Company*, 13 Gray, 239; *Fletcher* v. *Peck*, 6 Cranch, 87.

To take private property for public use without making just compensation therefor is a denial of due process of law. *United States* v. *Lynah*, 188 U. S. 446, 470; *C., B. & Q. Ry. Co.* v. *Drainage Commissioners*, 200 U. S. 561, 593; *People ex rel. Harvey* v. *Loew*, 102 N. Y. 471, 476.

The cases holding that the property and charter of a corporation may be taken for public use, upon payment of "due compensation therefor" are not in point.

Even if the Hydraulic Company had elected to present a claim against the city under and pursuant to the repealing acts, by the very terms of those acts such action would have estopped it from setting up that the prohibition of any compensation for its franchise was unconstitutional. *Daniels* v. *Tearney*, 102 U. S. 415, 421; *Grand Rapids Ry. Co.* v. *Osborn*, 193 U. S. 17, 29; *New York* v. *Manhattan Ry. Co.*, 143 N. Y. 2, 26, 29; *Matter of Cooper*, 93 N. Y. 507, 511; *Embury* v. *Conner*, 3 N. Y. 511, 516; 1 Lewis, Eminent Domain, 3d ed., § 311.

While there is a reasonable presumption of validity of the repealing acts, the court will not make violent presumptions in favor of such validity. The killing of a corporation by the legislature is not a trivial action. *People* v. *North River Sugar Co.*, 121 N. Y. 582. If the

statute may or may not be, according to circumstances, within the limits of legislative authority, the existence of the circumstances necessary to support it must be presumed. *Greenwood* v. *Freight Co.*, 105 U. S. 13, 22; *Sweet* v. *Rechel*, 159 U. S. 380, 392; *Willcox* v. *Gas Co.*, 212 U. S. 22; *Fletcher* v. *Peck*, 3 Cranch, 87, 128; *Sinking Fund Cases*, 99 U. S. 700, 718.

While there is a strong presumption that the journals of a legislative body are correct, Federal courts, under proper pleadings, have the power when contract rights are involved, to go behind the face of legislative acts and, also, of the journals, when a State claims it has annulled a private charter. *New Jersey* v. *Yard*, 95 U. S. 104, 113; *State* v. *Cincinnati Gas Light Co.*, 18 Ohio St. 262; *Cronise* v. *Cronise*, 54 Pa. St. 255.

Incorrect and defective legislative journals if made conclusive might have the indirect effect of nullifying a Federal power granted to the Supreme Court of the United States, and be constitutional inhibitions and restrictions against a State impairing the obligations of contracts or depriving one of property without due process of law. *Mugler* v. *Kansas*, 123 U. S. 623, 661; *Fairbank* v. *United States*, 181 U. S. 283, 294; *Postal Telegraph Co.* v. *Adams*, 155 U. S. 688, 698; *Smith* v. *St. Louis Ry. Co.*, 181 U. S. 248, 257.

The franchise right of the mortgagor to maintain, operate and extend its system as a going concern was valuable property; it could be separated from the company's franchise to live; it could be mortgaged to secure bondholders, and while the legislature might take away the charter life of the company, it could not do away with that part of the trust mortgage covering the franchise to run the system. *Railroad Commissioners* v. *G. R. & I. Ry. Co.*, 130 Michigan, 248, 253; *Vicksburg* v. *Water Works Co.*, 202 U. S. 453, 464; *New Orleans Ry. Co.* v. *Delamore*, 114 U. S. 501; *People* v. *O'Brien*, 111 N. Y. 2.

*Mr. Ganson Taggart* and *Mr. Moses Taggart,* with whom *Mr. Franz Kuhn,* Attorney General of the State of Michigan, was on the brief, for defendants in error:

The legislative journals are conclusive and are the only legitimate evidence of action taken. Sutherland, Stat. Const., §§ 30, 47, 50, 85; *Ches. & Pot. Tel. Co. v. Manning,* 186 U. S. 245; *Brewer v. Blougher,* 14 Pet. 178; *Burrows v. Delta Trans. Co.,* 106 Michigan, 603; Cooley on Const. Lim., 7th ed., §§ 240, 257; *Am. Coal Co. v. Consolidated Coal Co.,* 46 Maryland, 15; *Doyle v. Continental Ins. Co.,* 94 U. S. 535; *Flint &c. Co. v. Woodhull,* 25 Michigan, 99; *State v. Gerhardt,* 145 Indiana, 434.

The legislative journals are the only evidence of the enactment of statutes and cannot be aided or contradicted by parol evidence. *Speer v. Mayor of Athens,* 85 Georgia, 49; *S. C.,* 9 L. R. A. 402; *Richie v. Richards,* 14 Utah, 371; *People v. Dettenthaler,* 118 Michigan, 599; *Attorney General v. Supervisors,* 89 Michigan, 552; *People ex rel. Hart v. McElroy,* 72 Michigan, 446; *S. C.,* 23 L. R. A. 340; Cooley on Const. Lim., 7th ed., 193; *Attorney General v. Rice,* 64 Michigan, 385.

A company cannot avoid the reserved right of repeal under its franchise, by mortgage or otherwise, so as to destroy that reservation, any more than a landowner can add to the title of which he may be seized by a conveyance of a larger interest than that actually owned, or by the transfer of the same to another party. Cooley on Const. Lim., 7th ed., 285, 391, 298; *Attorney General v. Looker,* 111 Michigan, 498; *Detroit v. Plank Road Co.,* 43 Michigan, 140; *Portland R. R. Co. v. Deering,* 78 Michigan, 61; *Commr. of Railroads v. G. R. & I. Ry. Co.,* 130 Michigan, 248; *Highland Park v. Plank Road Co.,* 95 Michigan, 489; *Smith v. Lake Shore Ry. Co.,* 114 Michigan, 460, 472; *Bissell v. Heath,* 98 Michigan, 472; *Grand Rapids v. Hydraulic Co.,* 66 Michigan, 606, 610; *Commonwealth v.*

*Essex Co.,* 13 Gray, 239; *Gardner* v. *Hope Insurance Co.*
9 R. I. 194; *Parker* v. *Railroad Co.,* 109 Massachusetts,
506; *Commissioners* v. *Holyoke,* 104 Massachusetts, 446;
*State* v. *Maine Central R. R. Co.,* 66 Maine, 488; *Sprigg* v.
*Western Union Tel. Co.,* 46 Maryland, 67; *Union Improv.
Co.* v. *Commonwealth,* 69 Pa. St. 140; *State* v. *Commis-
sioners,* 37 N. J. L. 228; *Illinois Cent. R. R. Co.* v. *People,*
95 Illinois, 313; *Rodemacher* v. *Mil. & St. Paul Ry. Co.,*
41 Iowa, 297; *Yeaton* v. *Bank of Old Dominion,* 21 Gratt.
593; *Ashuelot* v. *Elliott,* 58 N. E. Rep. 451; *S. C.,* 45 L. R.
A. 647; Thompson on Corporations, § 89; *Henley* v. *State,*
98 Tennessee, 665; *Market St. Ry. Co.* v. *Hellman,* 109
California, 571; *State* v. *North. Cent. Ry. Co.,* 44 Mary-
land, 131, 165; *People* v. *O'Brien,* 111 N. Y. 152; *Wiscon-
sin R. R. Co.* v. *Supervisors,* 35 Wisconsin, 257; *Gorman*
v. *Pac. R. R. Co.,* 26 Missouri, 441.

The Federal courts recognize the same rule and the
same right on the part of state legislatures to repeal char-
ters of companies, where the right is reserved in the
original franchise granted. *Tomlinson* v. *Jessup,* 15 Wall.
454; *Railroad Co.* v. *Maine,* 96 U. S. 499, 511; *Miller*
v. *State,* 15 Wall. 478; *Holyoke Co.* v. *Lyman,* 15 Wall.
500; *Sinking Fund Cases,* 99 U. S. 700; *Munn* v. *Illinois,*
94 U. S. 113; *Gas Light Co.* v. *Hamilton,* 146 U. S. 258, 270;
*Greenwood* v. *Freight Co.,* 105 U. S. 13; *Railroad Co.* v.
*Georgia,* 98 U. S. 359; *Wisconsin Ry. Co.* v. *Powers,* 191
U. S. 379; *Lake Shore R. R. Co.* v. *Smith,* 173 U. S. 684;
*Dartmouth College* v. *Woodward,* 4 Wheat. 518; *Merri-
wether* v. *Gerritt,* 102 U. S. 472; *G. R. & I. Ry. Co.* v.
*Osborn,* 193 U. S. 17.

MR. JUSTICE HOLMES delivered the opinion of the court.

The judgment upon which this writ of error is based
ousts the defendants (plaintiffs in error) from acting as
a body corporate under the name of the Grand Rapids

Hydraulic Company. It was rendered, upon an informa-
tion in the nature of *quo warranto*, by a County Court,
and was affirmed by the Supreme Court of the State. 153
Michigan, 724. The case was heard on demurrer. The
defendants pleaded that in 1849 the legislature incorpo-
rated the Grand Rapids' Hydraulic Company, and that
they were directors of the company; that the company
had constructed and was maintaining an elaborate system
of water supply; that in 1905 the legislature purported
to repeal this charter, but that, owing to the manner in
which the repeal was passed, as well as to the contents
of the act purporting to effect it, the repeal was void under
Article I, § 10, and the Fourteenth Amendment of the
Constitution of the United States. Seemingly in aid of
this contention, the defendants alleged the issue of bonds
and a mortgage of the company's plant, including its
franchise to own and operate the same, that still are out-
standing. To this plea the State demurred.

As to the manner in which the repeal was obtained
and passed, the plea alleged that the city of Grand Rapids
was a rival of the company in furnishing water, and that
the mayor and city authorities carried out an unfair
scheme for getting the repeal hurried through the legis-
lature without notice to the company. It set out the
particulars with much detail. The defendants now, on
the ground that there are limits even to the operation
of a reserved power to repeal, argue that we should con-
sider these allegations. But we do not inquire into the
knowledge, negligence, methods or motives of the legisla-
ture if, as in this case, the repeal was passed in due form.
*United States* v. *Des Moines Navigation & Railway Co.*,
142 U. S. 510, 544. The only question that we can con-
sider is whether there is anything relevant to the present
case in the terms or effect of the repeal that goes beyond
the power that the charter expressly reserves.

The charter provides that "The legislature may at any

time hereafter amend or repeal this act." Act No. 223, Laws of 1849, § 11. Now, in the first place, with regard to the reference in argument to the bondholders, it is enough to say that they are not before the court. The defendants do not represent them; the defendants represent the debtors, not the creditors. By making a contract or incurring a debt the defendants, so far as they are concerned, could not get rid of an infirmity inherent in the corporation. They contracted subject not paramount to the proviso for repeal, as is shown by a long line of cases. *Greenwood* v. *Freight Co.*, 105 U. S. 13. *Bridge Co.* v. *United States*, 105 U. S. 470. *Chicago Life Insurance Co.* v. *Needles*, 113 U. S. 574. *Monongahela Navigation Co.* v. *United States*, 148 U. S. 313, 338, 340. *New Orleans Waterworks Co.* v. *Louisiana*, 185 U. S. 336, 353, 354. *Knoxville Water Co.* v. *Knoxville*, 189 U. S. 434, 437, 438. *Manigault* v. *Springs*, 199 U. S. 473, 480. It would be a waste of words to try to make clearer than it is on its face the meaning and effect of this reservation of the power to repeal.

But the legislature did not content itself with a bare repeal and leave the consequences to the law. Act No. 492 of the Local Acts of 1905, after repealing the charter, provides that the company, at any time before January, 1906, may present a claim to the city of Grand Rapids for the value of its real and tangible estate, 'not including franchise,' and transfer the property to the city. If the parties do not agree an action of assumpsit may be brought, with the usual incidents, and the amount of the final judgment is made a claim against the city, to be paid like other claims. If the company does not elect this course, it may remove the property, first giving bond, to be approved by the common council, to protect the city from any damages caused thereby, and is to leave the streets in as good condition as before. It is argued that these provisions are void, and the argument may perhaps be abridged.

as follows: Corporations with existence limited in time may take a fee simple or a franchise of longer duration than themselves. *Minneapolis* v. *Minneapolis Street Ry. Co.*, 215 U. S. 417, 430. *Detroit* v. *Detroit Citizens' Street Ry. Co.*, 184 U. S. 368, 394, 395. There is a distinction between the franchise to be a corporation and that to operate its plant. *Vicksburg* v. *Vicksburg Waterworks Co.*, 202 U. S. 453, 464. As the corporation had been authorized to lay its pipes, and lawfully had/mortgaged not only its pipes but its franchise to own and operate them, it must be taken to have given a security not limited or terminable by anything short of payment. The attempt to extinguish the corporation, if successful, would render the security and continuing franchise unavailable and is void. It is argued further that the exclusion of 'franchise' (assumed to embrace the supposed franchise to operate the works) from the valuation is unconstitutional.

We express no opinion as to whether the premises of the foregoing argument are justified by anything appearing in the present record. In any event the conclusion cannot be maintained. If the city gave the privilege of using the streets to the corporation forever it could not enlarge the right of the corporation to continue in existence 'as against the sovereign power, as sufficiently appears from the cases already cited. See also *Arkansas Southern Ry. Co.* v. *Louisiana & Arkansas Ry. Co.*, *ante*, p. 431. The only question before us now is the validity of the judgment ousting the defendants from "assuming to act as a body corporate, and particularly under the name and style of the Grand Rapids Hydraulic Company." This really is too plain to require the argument that we have spent upon it. We may add that it is a matter upon which the bondholders have nothing to say. Moreover the question of parties is not open here. *New Orleans Waterworks Co.* v. *Louisiana*, 185 U. S. 336, 353, 354. *Commonwealth* v. *Tenth Massachusetts Turnpike Cor-*

*poration,* 5 Cush. 509, 511. Also, whether the provisions as to valuation do the bondholders or members of the corporation wrong is not before the court.

*Judgment affirmed.*