### OLIN v. KITZMILLER et al.

(Circuit Court of Appeals, Ninth Circuit. October 11, 1920.)

No. 3438.

1. Fish ☞8—Effect of agreement between states for joint regulation of fishing.

The legislative agreement between the states of Oregon and Washington that all regulations for preserving and protecting fish in that part of Columbia river over which the states had concurrent jurisdiction should be approved by both states, ratified by Congress April 8, 1918, *held* not to affect the right of one of the states to prescribe qualifications of those to whom licenses to fish in the river would be granted by that state, as that a licensee must be a citizen of the United States.

2. Constitutional law ☞70(3)—Court cannot inquire into motives of Legislature.

It is not within the province of the judiciary to inquire into the motives of a Legislature in enacting a statute.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit in equity by Charles Olin against Perry Kitzmiller and others. Decree for defendants, and complainant appeals. Affirmed.

Wm. P. Lord and Arthur I. Moulton, both of Portland, Or., for appellant.

George M. Brown, Atty. Gen., I. H. Van Winkle, Asst. Atty. Gen., Millar E. McGilchrist, of Salem, Or., and W. W. Banks and L. A. Liljeqvist, both of Portland, Or., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. In the year 1915 the Legislatures of the states of Oregon and Washington entered into a compact and agreement expressed as follows:

"All laws and regulations now existing, or which may be necessary for regulating, protecting, or preserving fish in the waters of the Columbia river, over which the states of Oregon and Washington have concurrent jurisdiction, or any other waters within either of said states which would affect said concurrent jurisdiction, shall be made, changed, altered and amended, in whole or in part, only with the mutual consent and approbation of both states."

On April 8, 1918, the compact was ratified by Congress. 40 Stat. 515. At the time when the compact was entered into, the laws of both states authorized the issuance of licenses to take salmon in the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Columbia river to resident aliens who had declared their intention to become citizens of the United States. In the year 1919 the Legislature of Oregon amended its law, and provided that no license for taking or catching salmon or other food or shell fish, required by the laws of the state "shall be issued to any person who is not a citizen of the United States." The Legislature of the state of Washington has enacted no similar provision. The appellant, who is an alien, but who in 1892 declared his intention to become a citizen, contends that the Oregon law of 1919 is void, in that it violates the provisions of the compact between the two states.

[1] We pass by the question whether by entering into the compact either state has divested itself of power to withdraw therefrom or to enact laws in derogation thereof without the assent of the other—a question which is not reached by the authorities cited by the appellant—and confine our inquiry to the question whether the amendment of 1919 is prohibited by the terms of the compact. From the language used it is clear that the contracting parties did not intend to divest either state of all power to enact without the other's consent legislation over the subject which was embraced therein. They left the Legislature of each state free to enact any law on the subject of the regulation and protection of fishing which would not affect the jurisdiction of the other state in the waters over which their jurisdiction was concurrent. A law which prescribes the qualification of a licensee by either state is clearly not a law which affects the concurrent jurisdiction. A law of Oregon which declares that such a license shall issue in that state only to residents and citizens thereof cannot come in conflict with a law or regulation of Washington, under which a license may there be issued to a resident alien who has declared his intention to become a citizen, nor can it, in any conceivable way, affect the rights of citizens or residents of the latter state.

Each state has the power to deal with the question of the right of its own subjects to take fish in the waters which are subject to the concurrent jurisdiction. It is only as to its common right with the adjoining state to take fish from those waters that its right is limited by the compact. Many conceivable regulations would be within the prohibition of the compact. Thus one state, without the consent of the other, may not change the open and closed seasons, may not prescribe the manner of taking fish, the number permitted to be taken, or the permissible fishing gear and appliances. All such matters affect the concurrent jurisdiction. It is not so with the designation of the qualifications of the licensees of either state to fish in the waters to which the concurrent jurisdiction extends.

[2] The appellant asserted in his bill a preferential right to the issuance of a license to fish with set nets for salmon in the Columbia river at certain designated places, which right had been accorded him for several years consecutively, and he alleged that the appellee Kitzmiller had entered into a conspiracy with the fish and game warden and others to deprive him of his fishing rights, in furtherance of which they induced and persuaded the Legislature of Oregon

to enact the amendment of 1919. No ground for equitable relief is stated in these facts. It is not within the province of the judiciary to inquire into the motives of a Legislature in enacting a statute. Stoppenback v. Multnomah County, 71 Or. 509, 142 Pac. 832; Calder v. Michigan, 218 U. S. 591, 31 Sup. Ct. 122, 54 L. Ed. 1163; McCray v. United States, 195 U. S. 27, 53–59, 24 Sup. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561; United States v. Des Moines, etc., Co., 142 U. S. 510, 545, 12 Sup. Ct. 308, 35 L. Ed. 1099.

The decree dismissing the bill for want of equity is affirmed.