## P. J. McGOWAN & SONS, Inc., v. VAN WINKLE, Atty. Gen. of Oregon, et al.

District Court, D. Oregon. June 27, 1927.

No. 8909.

**1. States ⚖�ड6—Compact between Oregon and Washington respecting regulations for protection of fish in Columbia river held not to prohibit either state from narrowing class of persons who may take fish or appliances which may be used within its own waters (40 Stat. 515).**

The compact between the states of Oregon and Washington, ratified by Congress in April, 1918 (40 Stat. 515), and providing that laws and regulations then existing or subsequently made for protecting or preserving fish in the Columbia River "shall be made, changed, altered or amended * * * only with the mutual consent and approbation of both states," is a limitation beyond which the states singly may not go, but is not an inhibition against the narrowing by either state of the class of persons who may be permitted by it to take fish, or the appliances they may use within its own waters.

**2. Fish ⚖➩9—Initiated law, Oregon '1926, prohibiting use of fishwheel or seine for taking fish from Columbia river in state held valid (Laws 1927, p. 17).**

Initiated Law Oregon, adopted Nov. 1926 (Laws 1927, p. 17), making it unlawful to maintain or operate any fishwheel in the waters of Columbia river in the state after May 1, 1927, or to take fish therefrom with a seine at any point east of Cascade Locks, *held* valid.

In Equity. Suit by P. J. McGowan & Sons, Inc., against I. H. Van Winkle, as Attorney General, John C. Veatch and others, as Fish Commissioners, and M. P. Hoy, as Master Fish Warden, of the state of Oregon. On motion for preliminary injunction. Denied.

W. B. McCord (of Kerr, McCord & Ivey), of Seattle, for complainant.

I. H. Van Winkle, of Salem, Or., A. E. Clark, of Portland, Or., and James W. Mott, of Astoria, Or., for defendants.

Before GILBERT, Circuit Judge, and BEAN and McNARY, District Judges.

BEAN, District Judge. The plaintiffs and interveners are and have been for some years the owners and operators of sundry fish wheels and fish seines located and operated on

the Oregon side of the Columbia river, for the taking of fish for commercial purposes. The wheels are stationary structures fixed to the soil. Seines are appliances depending on the use of the soil for their operation. In November, 1926, the people of the state, under the initiative power of the state Constitution, adopted a law making it unlawful after May 1, 1927, to place, maintain, or operate, or suffer to place, maintain, or operate, any fish wheel in the waters of the Columbia river in the state, or by means thereof to take any fish from such waters, or to take fish from such river at any point east of the Cascade Locks by means of a fish seine. Laws 1927, p. 17.

[1] The plaintiffs challenge the validity of this legislation on the ground that it is in conflict with a compact between the states of Oregon and Washington, approved and ratified by Congress in April, 1918 (40 Stat. 515), by the terms of which it was agreed that "all laws and regulations now existing, or which may be necessary for regulating, protecting, or preserving fish in the waters of the Columbia river, over which the states of Oregon and Washington have concurrent jurisdiction, or any other waters within either of said states, which would affect said concurrent jurisdiction, shall be made, changed, altered, and amended in whole or in part, only with the mutual consent and approbation of both states." At the time the compact became effective the taking of fish with stationary wheels and seines, within the territorial limits of the respective states, was permitted by the laws thereof, and the plaintiffs' position is that that fact, in connection with the compact, inhibits either state from prohibiting the taking of fish with such appliances within its own territorial limits without the consent of the other. If this is unsound, the plaintiffs are not entitled to the relief demanded. The object of the compact was to deal with the preservation and protection of fish in the waters over which the two states have concurrent jurisdiction, and to that end it provided that all laws and regulations necessary therefor, which would affect such concurrent jurisdiction, shall be made, changed, altered, or amended only with the consent of both states.

[2] We cannot conclude, however, that the parties thereto intended by the provisions of the compact to divest themselves of the power to legislate upon the subject embraced therein, so long as they do not undertake to permit the taking of fish at a time, in a manner, by means of appliances not permissible at the time the compact was made. In other words, the compact is a limitation beyond which the states may not go, but it is not an inhibition against the narrowing by either state of the class of persons who may be permitted by it to take fish or the appliances they may use. This is the effect of the decision of the Circuit Court of Appeals and of the Supreme Court in Olin v. Kitzmiller, 268 F. 348, Id., 259 U. S. 260, 42 S. Ct. 510, 66 L. Ed. 930. What was said in the opinion of the Circuit Court of Appeals concerning regulations which would be within the prohibition of the compact was merely by way of argument, and not a holding that one state cannot lawfully without the consent of the other prohibit the taking of fish within its own waters with certain appliances. Such legislation does not affect the common right with the adjoining state to take fish, but is a matter of local concern.

The application for injunction is denied, and the restraining order heretofore issued is vacated.