ALBERT TAYLOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GERTRUDE R. TAYLOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OLIVIA TAYLOR GRIFFIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HAROLD K. TAYLOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RUTH C. TAYLOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN TAYLOR, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29055–29060.   Promulgated April 24, 1930.

*Charles E. McCoy, Esq.*, for the petitioners.
*W. R. Lansford, Esq.*, for the respondent.

690

OPINION.

Seawell: The decision in this appeal involves the correct interpretation and proper application of the pertinent provisions of the Revenue Act of 1921. Section 219 (a) of the Act provides that the tax imposed by sections 210 and 211 shall apply to the income of any kind of property held in trust, including (4) income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals. Subsection (b) of section 219 of the Act provides that the fiduciary shall be responsible for making the return of the income of the estate or trust for which he acts, and that the net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, with certain exceptions not material here. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of said section 219, the fiduciary is required to include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made. Section 212 (a) provides that the term " net income " means the gross income as defined in section 213, less the deductions allowed by section 214. Section 214 (a) provides that in computing net income there shall be allowed as a deduction (8) a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business. Subsection (c) of section 219 provides that in cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof, the tax shall be imposed upon the net income

of the estate or trust and shall be paid by the fiduciary, except * * *. Subsection (d) of section 219 provides that in cases where the income of the trust is to be distributed to the beneficiaries periodically, which is the situation in this proceeding, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not. In such cases the beneficiary shall, for the purpose of normal tax, be allowed as credits, in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.

The petitioners cited in argument before the Board and relied on the case of *Julia N. De Forest*, 4 B. T. A. 1059, to sustain the contention that they, as beneficiaries of the trust under consideration, are entitled, as such, to take in their tax returns, as a deduction, the benefit of depreciation of the trust estate. But with commendable frankness they admit that later decisions of this Board and the decision in *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428, are against this contention.

In our opinion the Commissioner did not err in disallowing the depreciation claimed by the petitioners. See *Mary Roxburghe* v. *United States*, 64 Ct. Cls. 223; certiorari denied, 278 U. S. 598; *Abell* v. *Tait*, 30 Fed. (2d) 54; certiorari denied, 279 U. S. 849; *Louise P. V. Whitcomb et al.*, 4 B. T. A. 80; *A. W. Henn, Trustee*, 8 B. T. A. 190.

On authority of decisions cited we approve the action of the Commissioner.

*Judgment will be entered under Rule 50.*