[No. 25812. Department Two. September 18, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Albion L. Gile, Plaintiff,* v. HARRY C. HUSE, *as Director of Licenses, et al., Respondents.*[1]

'Reported in 49 P. (2d) 25.

*Welsh & Welsh* and *W. H. Abel,* for relator.

*The Attorney General* and *George Downer, Assistant,* for respondents.

BLAKE, J.—For some years prior to April 1st, 1935, relator maintained a pound net or fish trap, under licenses granted annually, at a particular location in the waters of the Columbia river. March 27th of this year, he made application for renewal of the license for the ensuing year. The application was denied on the ground that the use of pound nets or fish traps was prohibited by initiative measure No. 77 (chapter 1, Laws 1935, p. 4, Rem. 1935 Sup., § 5671-1 *et seq.*). Relator then made application to this court for a writ of mandate to compel issuance of the license.

The relator's position is that initiative No. 77 can not be held to be operative as to the waters of the Columbia river because it is in conflict with the Washington-Oregon Compact of 1915 (§ 116, chapter 31, Laws of Washington 1915, p. 115, Rem. Rev. Stat. § 5770 [P. C. § 2525], § 20, chapter 188, Laws of Oregon 1915), approved by Congress in 1918 (40 Stat. 1179).

In view of two decisions of the supreme court of the United States, we do not think the question raised is open to debate. *Olin v. Kitzmiller,* 259 U. S. 260, 42 S. Ct. 510; *P. J. McGowan & Sons, Inc., v. Van Winkle,* 277 U. S. 574, 48 S. Ct. 435. The latter case was on appeal from the decision of a three judge district court. In disposing of the appeal, the supreme court rendered the following opinion:

"Affirmed, on the authority of *Olin v. Kitzmiller*, 259 U. S. 260, 263."

Turning now to the opinion of the district court, we find a situation which is in all respects analogous, if not identical, with that presented here. *P. J. Mc-Gowan & Sons, Inc., v. Van Winkle*, 21 F. (2d) 76. By initiative (Laws of Oregon 1927, p. 17), the people of Oregon adopted a law making it unlawful to maintain fish wheels in the waters of the Columbia river or by means thereof to take any fish from such waters. Disposing of the contention that the initiative measure violated the compact, the court said:

"The plaintiffs challenge the validity of this legislation on the ground that it is in conflict with a compact between the states of Oregon and Washington, approved and ratified by Congress in April, 1918 (40 Stat. 515), by the terms of which it was agreed that 'all laws and regulations now existing, or which may be necessary for regulating, protecting, or preserving fish in the waters of the Columbia river, over which the states of Oregon and Washington have concurrent jurisdiction, or any other waters within either of said states, which would affect said concurrent jurisdiction, shall be made, changed, altered, and amended in whole or in part, only with the mutual consent and approbation of both states.' At the time the compact became effective the taking of fish with stationary wheels and seines, within the territorial limits of the respective states, was permitted by the laws thereof, and the plaintiff's position is that that fact, in connection with the compact, inhibits either state from prohibiting the taking of fish with such appliances within its own territorial limits without the consent of the other. If this is unsound, the plaintiffs are not entitled to the relief demanded. The object of the compact was to deal with the preservation and protection of fish in the waters over which the two states have concurrent jurisdiction, and to that end it provided that all laws and regulations

necessary therefor, which would affect such concurrent jurisdiction, shall be made, changed, altered, or amended only with the consent of both states.

"We cannot conclude, however, that the parties thereto intended by the provisions of the compact to divest themselves of the power to legislate upon the subject embraced therein, so long as they do not undertake to permit the taking of fish at a time, in a manner, by means of appliances not permissible at the time the compact was made. In other words, the compact is a limitation beyond which the states may not go, but it is not an inhibition against the narrowing by either state of the class of persons who may be permitted by it to take fish or the appliances they may use. This is the effect of the decision of the Circuit Court of Appeals and of the Supreme Court in *Olin v. Kitzmiller,* 268 F. 348, Id., 259 U. S. 260, 42 S. Ct. 510, 66 L. Ed. 930.''

On the authority of the cited cases, the application for writ of mandate is denied.

TOLMAN, HOLCOMB, MITCHELL, and STEINERT, JJ., concur.