Argued June 19, affirmed August 2, 1978

STATE OF OREGON, *Respondent,*
*v.*
ROSS FREDERICK LINDSTORM, *Appellant.*
(No. 77-295, CA 10145)

STATE OF OREGON, *Respondent,*
*v.*
ROBERT DOUGLAS LINDSTROM, *Appellant.*
(No. 77-294, CA 10145)
(Cases consolidated)

581 P2d 988

Clemens E. Ady, Portland, argued the cause for appellants. With him on the brief was White, Sutherland, Parks & Allen, Portland.

William R. Canessa, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Defendants were cited for fishing in a closed season (OAR 635-35-200) and were convicted after trial by a jury. Their assignment of error is:

> "The trial court erred in not allowing defendants' motion for a directed verdict of not guilty because the regulations under which the defendants were convicted were void *ab initio*."

The defendants were arrested on August 26, 1977. Under the Columbia River Fish Compact (ORS 507.010,[1] Oregon and Washington had established an "early fall" commercial salmon season on the river from August 14 to August 19 and from August 21 to August 23. OAR 635-35-230. Defendants admit that they were fishing commercially in Oregon waters when the river was closed by Oregon regulations which were validly adopted after consent and approval by appropriate agencies of this state and Washington pursuant to the compact.

On August 23, 1977, a Washington trial court had entered what was denominated a "preliminary injunction" against that state's Department of Fisheries, the department's director and Governor Ray enjoining enforcement of Washington's regulations under the compact. That injunction had, of course, no extra-territorial effect; nonetheless defendants base their motion on it, arguing a syllogism that is harder to state than it is to refute. They assert that the compact forbids each of the state-parties to change its regulations without the consent of the other. The injunction voided the Washington regulations. Therefore, either (1) Washington changed its regulations without Oregon's consent, or (2) Washington never adopted valid regulations, or (3) Washington's regulations, having

---

[1] "All laws and regulations now existing, or which may be necessary for regulating, protecting or preserving fish in the waters of the Columbia River, over which the States of Oregon and Washington have concurrent jurisdiction, or any other waters within either of said states, which would affect the concurrent jurisdiction, shall be made, changed, altered and amended in whole or in part, only with the mutual consent and approbation of both states."

[ 587 ]

been declared void, are not identical with Oregon's —and so Oregon could not enforce its regulations.

The third of the alternative conclusions, whatever are the formal logic problems in the syllogism, has no merit whatsoever. The parties here agree that the regulations adopted by each state were identical, but nothing in the compact (as distinct from the political and practical necessities of the situation) has been shown to require that identity. Historically there have been differences between the states' regulations (and statutes) on occasion, and those differences have never been held to be violations of the compact. *See P. J. McGowan & Sons, Inc. v. Van Winkle,* 21 F2d 76 (DC Or 1927); *Olin v. Kitzmiller,* 268 F 348 (9th Cir 1920), aff'd 259 US 260, 42 S Ct 510, 66 L Ed 930 (1921). *Olin* declares that the thrust of the compact is that neither state can act unilaterally to affect detrimentally the common right of licensees of the other state to take fish from the Columbia River. In fact, Oregon and Washington did meet, did confer, did agree on the early fall season and did adopt their respective regulations. That was the compact required and was consistent with the compact.

No party to the compact has changed its regulations. The Washington court said nothing about the Oregon regulations, and of course it could not. To be sure, the preliminary nature of the injunction meant that the court had said nothing *final* even about Washington's regulations; and the case touched not at all on Washington's power to approve Oregon's regulations. Finally, whether or not Washington ever validly adopted its own regulations as a substantive or procedural matter is irrelevant to the validity of Oregon's regulations, which have never been challenged with respect to their validity under the compact.[2]

---

[2] The state suggests that defendants' argument, if it were valid, would lead to the conclusion that because there was no regulation at all establishing a 1977 open fishing season, the season never opened. Therefore, the defendants were guilty of fishing in a closed season. We need not decide whether the absence of agreement under the compact would leave the river open or closed to fishing.

Defendants violated Oregon's regulations when they fished in the closed season.

Affirmed.