## THE PEOPLE EX REL, ETC.,
### v.
## EDGAR W. FROST ET AL.

*Schools—*Mandamus*—Demurrer—Text Books—Meetings—Regular or Special—Presumption—Notice.*

1. Upon a petition for *mandamus* to compel school directors to permit the use of a certain series of text books, alleged to have been adopted by the board at a meeting at which all were present, it will be presumed that the meeting was either a regular or special one, and a demurrer setting forth that it is not alleged that the action taken was at a regular meeting, as required by statute, will be overruled.

2. Reasonable notice is necessary to require attendance of the directors at a special meeting of the board; but if all the members come together and by mutual agreement hold a meeting, any objection to the shortness, or absence, of notice is waived.

The People v. Frost.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Macoupin County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. RINAKER & RINAKER, for appellant.

Messrs. A. W. YANCEY and C. H. PATTON, for appellees.

*Per Curiam.* This was a petition for a writ of *mandamus* to compel the school directors of district No. 3, etc., etc., to permit the use of a certain series of text books which, it was alleged, had been adopted for use in the district within a period of four years before the filing of the petition. An answer was filed to the petition, and a demurrer being interposed to the answer, was carried back and sustained to the petition. The only question is as to the sufficiency of the petition. The objection taken in the Circuit Court and urged here is that it did not appear that the action of the directors in adopting said series of books was had at either a regular or a special meeting of the directors, and hence it did not appear that the action in question was official.

The language of the petition in this respect is as follows: "And your petitioner further states unto your honor, that on the 5th day of July, A. D. 1887, Edgar W. Frost, Abram D. Wood and Enoch M. Davis were, and now are, the acting school directors of district number three (3), township number seven (7), range eight (8), county of Macoupin and State of Illinois aforesaid, and on said date they, as such school directors, had the right and it was then and there their duty, as such directors, to direct what text books should be used in the school maintained and supported in said school district, and to strictly enforce uniformity of text books in said school.

"And your petitioners state that in the performance of their said duty as such school directors, they, the said 'school directors of district number three (3), township number seven (7), range eight (8), county of Macoupin and the State of Illi-

nois,' did, on the day last aforesaid, ' meet, and each of said school directors being then and there present did, by the unanimous action of said school directors,' adopt and direct to be used in the school of said school district, as text books to be used therein, certain text books known as the Standard Educational Series, and more particularly described as the    *    *    *

" That in pursuance of said action of said directors the aforesaid books were introduced and used in the schools of said school district during the entire school year of the year A. D. 1887, and during the fall of the year 1888 until on or about the 6th day of December, A. D. 1888."

It is provided by statute, section 43,' chapter 122, " That the board of directors shall hold regular meetings at such times as they may designate, and they may hold special meetings as occasion may require, at the call of the president or any two members, and no official business shall be transacted by the board except at a regular or a special meeting." The averments above quoted show that it was the duty of the directors to direct what books should be used; that in the performance of that duty they met, and, all being present, by unanimous action adopted and directed the use of the books in question, and that in pursuance of said action the books were introduced and used until on or about the 6th day of December, 1888.    We are inclined to the view that the facts averred are sufficient to call for an answer.    It appearing that the directors met in the performance of the duty in question, it will be presumed the meeting was either regular or special.

A regular meeting is one held at a designated time, but a special meeting may be held as occasion may require, on the call of the president or of two members.    No business can be transacted unless at a regular or special meeting, but a special meeting may be held on call.    It is not provided what notice shall be given in case of a special meeting, and the law would imply reasonable notice.    Plainly the object of this provision is that every member may be notified when business will be in order.    Reasonable notice would be necessary to require attendance at a special meeting, yet if the notice were unduly

short, and the members so notified chose to waive the objection, they might do so and the meeting would be good; and so if the members all came together with no previous intention of transacting business, it would be competent for them, upon suggestion and by mutual agreement, to proceed to hold a meeting and transact any official business they might deem necessary.

The object of the statute, being to provide notice, is attained if the directors meet and act, all being present. Thomas v. Citizens Horse Railway Company, 104 Ill. 462.

The judgment will be reversed and the case remanded.

*Reversed and remanded.*