THE PEOPLE *ex rel.* Village of Colfax

*v.*

ROBERT MAXON *et al.*

*Filed at Springfield November 2, 1891.*

1. MUNICIPAL CORPORATION—*estopped to deny validity of an ordinance.* Where village trustees cause an ordinance, purporting to disconnect certain territory from the village, to be published, with its other ordinances, in pamphlet form, purporting to be published by authority, and thus lead others to act on the supposition that the ordinance was legally adopted, they will be estopped from denying the validity of such ordinance.

2. MANDAMUS—*basis for refusing without evidence.* Where the court renders judgment on petition for *mandamus*, refusing the same on the pleadings without evidence, the judgment must be based on allegations of the answer not denied by the pleas.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Mc-Lean county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. A. E. DEMANGE, for the relator:

A municipal corporation will not be estopped from asserting its rights by mere non-action. *Logan County* v. *Lincoln,* 81 Ill. 159.

The failure to pass the ordinance was apparent on the face of the proceedings, and should have deceived no one. The ordinance was a nullity, it having received but three votes out of six. *Taylor* v. *People,* 66 Ill. 326.

The Statute of Limitations can not be pleaded to any public right of a municipal corporation. *Alton* v. *Transportation Co.* 12 Ill. 38; *Logan County* v. *Lincoln,* 81 id. 157; *Lee* v. *Mound Station,* 118 id. 304; *Town of Orin* v. *People,* 19 Bradw. 174.

Relator did no positive act authorized by law which can now estop it from claiming jurisdiction over the territory in dispute. Its board did the negative act of failing to pass the ordinance. Its clerk, with no more authority than the village constable, certified copies of the ordinance which the board had rejected, and filed them in the recorder's and clerk's office. Its board thereafter, for seven years, neglected its duty, and failed to collect taxes from the disputed territory.

Mr. THOMAS F. TIPTON, for the appellees:

The doctrine of estoppel *in pais* applies to municipal corporations. *Martel* v. *East St. Louis,* 94 Ill. 67; *Railroad Co.* v. *Joliet,* 79 id. 40; *Peoria* v. *Johnson,* 56 id. 45; *Roby* v. *Chicago,* 64 id. 447; *Logan County* v. *Lincoln,* 81 id. 156; *Railroad Co.* v. *People,* 91 id. 251; *Genoa* v. *Van Alstine,* 108 id. 558; *Curran* v. *Mayer,* 79 N. Y. 541; *Mayer* v. *Sheffield,* 4 Wall. 189.

The doctrine of estoppel *in pais* applies to municipal incorporations, and any positive acts by municipal officers which may have induced the action of the adverse party, and where

it would be inequitable to permit a corporation to stultify itself to retract what its officials have done, will work an estoppel. *Martel* v. *East St. Louis,* 94 Ill. 67; *Genoa* v. *Van Alstine,* 108 id. 559; *Railroad Co.* v. *Few,* 15 Ill. App. 125.

That a municipality may be estopped by the acts of its officers, is the settled law of this State. *Brall* v. *Agnew,* 15 Ill. App. 155; *Logan County* v. *Lincoln,* 81 Ill. 156; *Railroad Co.* v. *Joliet,* 79 id. 25; *Railroad Co.* v. *People,* 91 id. 254; *Quincy* v. *Railroad Co.* 92 id. 21; *Railroad Co.* v. *Reich,* 101 id. 173; *Quincy* v. *Bull,* 106 id. 349.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

On the 17th of October, 1882, the village of Colfax, by its president and board of trustees, attempted to pass an ordinance disconnecting certain territory which had formerly been within its boundaries. The ordinance received a majority of the votes of the members present, but not a majority of all of the members elect, which was requisite under the statute. The ordinance, therefore, was never legally passed. It was, however, published, and recognized as valid by the officers of the village and the officers of the township in which the territory lay. The latter took charge of it, levied taxes upon it, worked the roads, built a bridge within it costing $6000, one-half of which was paid for by the county, and from the time such disconnecting ordinance was published the territory so attempted to be disconnected was recognized and treated by both village and township as not being a part of the village, until the 5th day of August, 1889, when the president and board of trustees of the village passed an ordinance levying a tax upon the real and personal property within its limits for corporate purposes, and a demand was made upon appellee, Maxon, who was county clerk, that he extend such taxes, and upon his refusal so to do a writ of *mandamus* issued to compel him to extend such taxes. No defense was made by Maxon, but the commissioners of highways of the township, by leave of court, be-

came parties, and filed a demurrer to the petition, which being overruled, they answered, setting up the same facts recited in the petition, and also, that relator caused said disconnecting ordinance to be printed in pamphlet form; that they, the said defendants, believing said ordinance to be valid, have each year, since 1882, assessed road and bridge taxes on the lands described in said ordinance; that they opened a public highway through the territory therein described, and worked the same, and expended large sums of money on the same; that they caused a bridge to be constructed at a cost of $6000, and procured county aid therefor to the extent of $3000, and that no road tax was assessed against relator's inhabitants for the construction of said bridge nor the opening of said highway; that the voters residing on said territory have not, since 1882, exercised any rights in relator's government, nor has relator exercised any jurisdiction over said territory, and that relator was therefore estopped and barred, by the lapse of time, from claiming jurisdiction over said territory. They also denied that the appropriation ordinance, upon which relator's petition for the writ was based, ever passed or became an ordinance.

Relator demurred to all of the answer except that part which denied that the appropriation ordinance was ever passed. The court overruled the demurrer. Relator then filed three pleas to the answer, as follows: First, that its board of trustees did not, on the 17th day of October, 1882, or at any other time, pass and adopt said disconnecting ordinance; second, that its board of trustees did pass said appropriation ordinance; third, that its village clerk, of his own wrong, and without authority of law, certified that said alleged disconnecting ordinance was properly passed, and of his own wrong, and without authority of law, filed a copy of said disconnecting ordinance in the office of the recorder and county clerk of said county, and that relator did not cause the said clerk to so certify or so file said ordinance. Defendants demurred to the third plea, which was overruled. Defendants then filed a motion for judgment on

the issues joined, which the court sustained, and gave judgment for defendants for costs. The Appellate Court affirmed the judgment of the circuit court, holding the village was estopped to deny the validity of said ordinance under the decisions of this court, citing *Chicago, Rock Island and Pacific Railroad Co.* v. *Joliet,* 79 Ill. 25, and *Lee* v. *Mound Station,* 118 id. 304.

It is insisted by appellant here that the doctrine of *estoppel in pais* has no application to this case, for the reason that the village authorities are not shown to have done any affirmative act calculated to influence others to act on the faith of said invalid ordinance. Theirs, it is said, was mere non-action. The judgment of the circuit court being rendered on the issues joined without evidence, must rest on allegations of the answer not denied by the pleas. But among such allegations is the averment, that after the attempted passage of the disconnecting ordinance the village board caused it to be published, with its other ordinances, in pamphlet form. Here, certainly, was an affirmative act. Was it calculated to lead others to act upon the supposition that the ordinance was valid? Our statute provides that when city or village ordinances are printed in book or pamphlet form, purporting to be published by authority of the board of trustees or city council, such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances, as of the dates mentioned in such book or pamphlet, in all courts and places, without further proof. (Rev. Stat. sec. 4, chap. 24.) Certainly respondents and all others had a right to act on that which relators had made legal evidence of the passage of the ordinance, which they now seek to treat as invalid.

We entertain no doubt that on the authorities cited by the Appellate Court, as well as upon reason and justice, the village is estopped from claiming any power over the territory in question, as being within its limits. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*