THE PEOPLE *ex rel*. Jacob H. Cline, County Collector, Appellee, *vs*. HANNAH RHODES, Appellant.

*Opinion filed December 17, 1907.*

1. MUNICIPAL CORPORATIONS—*journal of a village board must show that ordinance received concurrence of majority*. No ordinance of a village is valid unless it has received the concurrence of a majority of the members of the board elected, and the existence of such fact must appear by the journal of the village board and cannot be shown by parol.

2. SAME—*when territory is not legally disconnected*. Territory of a village is not legally disconnected where the journal of the village board shows only that a motion was carried to grant the prayer of the petition and that the village attorney was directed to draft the ordinance, even though an ordinance afterward so prepared, signed by the president and clerk, is recorded in the book of ordinances, with the statement that it had been passed, approved and published, and though certified copies thereof are furnished the land owner.

3. SAME—*when village is not estopped to deny validity of ordinance*. If an ordinance purporting to disconnect territory was never voted upon by the village board, the fact that the village

board granted the petition, as shown by its journal, caused what purported to be a duly passed, approved and published ordinance to be recorded in a book of ordinances and furnished certified copies to the owner of the land, does not estop the village, in a subsequent proceeding to collect five years' taxes on the land, to deny the validity of the ordinance, where it does not appear the owner of the land has been prejudiced in any way by her reliance upon such acts. (*People* v. *Maxon,* 139 Ill. 306, explained.)

APPEAL from the County Court of Piatt county; the Hon. E. J. HAWBAKER, Judge, presiding.

REED & REED, for appellant.

A. C. EDIE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Piatt county upon the application of the county collector of said county for judgment against certain real estate of appellant for village taxes for the village of Atwood for the years 1902 to 1906, inclusive. The total amount of the taxes for the five years for which the judgment was asked was $33.82. Appellant appeared and filed objections to judgment being rendered against the property for said taxes. Her objections were overruled and judgment rendered against the property for the taxes, from which judgment she prosecutes this appeal.

The principal objection relied on by appellant, and the only one discussed in the brief and argument of her counsel, was that the board of trustees of the village of Atwood, upon the petition of appellant, April 1, 1901, detached the property in controversy from said village of Atwood and thereafter the authorities of said village had no jurisdiction to tax said property; that during the years for which it was sought to be taxed by the village authorities said property was not within the corporate limits of said village of Atwood. Upon the hearing in the county court appellee

made the formal proof required by law in such cases, and it was stipulated that said proof made a *prima facie* case entitling appellee to judgment unless such *prima facie* case was overcome by proof on the part of appellant. Thereupon appellant offered in evidence what purported to be an ordinance of the village of Atwood passed and approved April 1, 1901, and recorded on page 149 of the record of ordinances of said village. The first section of the ordinance provided that the property against which judgment is sought for taxes "be and the same is hereby detached from said village and disconnected therefrom." The second section directed the president to furnish the appellant two certified copies of said ordinance, one to be recorded in the recorder's office, the other to be filed with the county clerk, and directed the clerk of the village board to record the ordinance in the record of ordinances. The third section provided that the ordinance should be in full force and effect ten days after its passage and publication. At the foot of the record of the ordinance was an entry stating the ordinance was passed and approved April 1, 1901, and published April 9, 1901, followed by the names, "W. F. Moore, President of Board; E. D. Stevenson, Clerk of Board." Appellant also offered in evidence a copy of said ordinance certified by the president of the village board to be a true copy of an ordinance duly passed by said board at a regular meeting April 1, 1901, together with the certificate of the recorder showing said ordinance was filed for record in his office on the 10th day of April, 1901, and duly recorded. The appellant further offered in evidence another certified copy of said ordinance, together with the certificate of the county clerk showing said ordinance was filed in his office April 11, 1901, and duly recorded therein. Appellant then proved by a witness that he was an employee of the village of Atwood in 1906, running a snow plow, and that he was told by a member of the village board of trustees not to clean the snow away from the front of ap-

pellant's property, as she was not paying any village taxes and didn't deserve it. Henry D. Rhodes, a son of appellant, testified in her behalf that he was thirty-nine years old and lived with her on the property; that since 1901 he had paid poll-tax to the township authorities and none to the village, and that no demand was ever made upon him by the village authorities for poll-taxes. He further testified that since 1901 he had not voted at a village election, but an objection by appellee to this proof was sustained by the court.

This is the substance of all the proof offered by appellant. Appellee thereupon introduced in evidence the minutes of the meeting of the village board held April 1, 1901. These minutes show a petition from appellant to the board to disconnect certain territory from the village of Atwood was read and a motion made and carried that the prayer of the petition be granted. The minutes further read: "It was moved by Doty, and seconded by Robinson, that the village attorney draft an ordinance in connection with the above petition." After the adoption of a motion relating to the building of a sidewalk having no connection with appellant's property the meeting adjourned.

The foregoing is all that is shown by the minutes to have been done upon appellant's petition to disconnect territory from the village. It will be seen that no ordinance was adopted at that meeting. It was decided to grant the prayer of the petition and the village attorney was directed to prepare an ordinance. The then village attorney testified he did prepare such ordinance and copies thereof, and that they were signed by the president and clerk of the village board and that he recorded the ordinance in the book of ordinances. He testified all this was done after April 1.

Appellant contends that the failure of the minutes to show the adoption of the ordinance is not conclusive that it was not adopted at said meeting. We cannot agree with this contention. Section 12 of article 3 of the Cities and

Villages act requires the city council or village board to keep a journal of its proceedings. Section 13 provides that the yeas and nays shall be taken upon the passage of all ordinances and entered on the journal of the council or village board's proceedings, and the concurrence of a majority of all the members elected is necessary to the passage of an ordinance. If the taking of the yeas and nays is not mandatory where the journal shows a majority of all the members of the council or board were present and that the ordinance was unanimously adopted, the requirement that the concurrence of a majority of all the members elected is necessary to the adoption of the ordinance is mandatory. (*Barr* v. *Village of Auburn,* 89 Ill. 361.) It has been repeatedly held in this and in other States that an act of the legislature properly signed is not conclusive that it was passed by a constitutional vote, but that this may be tested by the journals of the two houses, and if it does not appear from the journals that the act received the necessary vote it is not a valid act. The same rule is applicable to ordinances. No ordinance can be valid unless it shall have received the concurrence of a majority of all the members of the city council or village board elected, and the evidence of this must be shown by the journal. It cannot be supplied by parol. (*People* v. *McCullough,* 210 Ill. 488.) If the journal of the village board did, as contended by appellant, leave the question of the adoption of the ordinance in doubt, the testimony of the village attorney, which is not in contradiction of the journal, shows conclusively that the ordinance never was presented to or voted upon by the village board. Independently, however, of his testimony it must be held that the ordinance was never legally adopted. The law in force at the time appellant presented her petition was mandatory, and if the petition was in proper form the board had no discretion but was bound to grant the prayer of the petition and disconnect the territory.

Appellant contends that the village board having voted to grant the prayer of the petition and having caused to be recorded in its record of ordinances what purported to be an ordinance disconnecting appellant's property from the village, and having furnished her certified copies thereof, is now estopped from denying that said ordinance was legally adopted, and great reliance is placed upon *People* v. *Maxon,* 139 Ill. 306. In that case the ordinance disconnecting territory received the votes of a majority of the members of the council present but not a majority of all the members elected, and it was held the ordinance was never legally passed. It was published, however, and was recognized as valid and acted upon by both the village and township officers. The township officers took control of the disconnected territory, levied taxes upon it, worked and repaired the roads and built a bridge within its limits costing $6000, one-half of which was paid by the county. After all this had been done by the township authorities, and seven years after the attempted passage of the ordinance, the village authorities sought to levy a tax upon the property and filed a petition for a writ of *mandamus* to compel the county clerk to extend the taxes levied against the property. The county clerk made no defense to the application for the writ, but the commissioners of highways, by leave of the court, became parties to the suit and resisted the application for the writ. This court held the village authorities were estopped from claiming the property was within its limits and subject to taxation by it.

The township authorities here are not complaining, and there is no evidence that they have spent any money upon or within the limits of the appellant's property. Neither is there any evidence in this record that appellant was induced by the supposed adoption of the ordinance to do anything or assume any position with reference to the property that she would not have done in the absence of her belief that the ordinance had been legally adopted. In such case the

doctrine of estoppel cannot be invoked. It is true, if she had known at the time that the ordinance was not legal as the law then existed, she might have caused the village board to adopt a legal ordinance. She appears, after presenting her petition, to have given the matter no further attention and to have depended entirely upon the village board proceeding legally in acting upon it. We think it was her duty to have exercised some diligence and attention in seeing to and knowing what the board did. It is very clear the ordinance purporting to disconnect appellant's property was never legally adopted, and we see no grounds upon which she could invoke the defense of estoppel *in pais* against the right of the village authorities to tax the property.

The judgment of the county court is affirmed.

*Judgment affirmed.*