HARRY T. HULL ET AL:, APPELLANTS, V: CITY OF HUMBOLDT ET AL., APPELLEES.

FILED DECEMBER 21, 1921. No. 21892.

1. **Municipal Corporations: CITY CLERK: DIRECTORY DUTIES.** Section 5147, Rev. St. 1913, prescribing generally the duties of the city clerk of a city of the second class and requiring him to "keep a correct journal of the proceedings of the council," so far as it covers the matter of recording the reading of a city ordinance, is directory merely, and not mandatory.

2. ————: **ORDINANCES: PRESUMPTION.** Where the minutes of the city council show that an ordinance was adopted, and set forth the record of the yea and nay vote thereon, the silence of the record on the matter of the reading of the ordinance, not required by the statute to be recorded, does not prove that the

ordinance was not read, but, on the other hand, the presumption is that the ordinance was properly enacted.

3. ———: ———: ———. Where the municipal record of such a city does not affirmatively show that the ordinance was not read the third time before final passage, but it does appear that the ordinance was passed and the vote thereon is spread upon the record, it will be presumed that the ordinance was duly read before it was adopted.

4. Evidence: Legislative Record: Parol Evidence. Though parol evidence may be admissible to supply that part of a legislative record which is lost or destroyed, it is not admissible to supplement the record upon matters as to which the record is merely silent.

5. ———: ———: ———. Where the municipal record shows that an engineer's estimate was filed and approved and adopted, parol evidence is admissible to prove such estimate where it is shown that it has been lost.

6. Municipal Corporations: Paving: Notice. Section 5113, Rev. St. 1913, providing that personal notice may be given to property owners in a paving district, and which does not prescribe the length of time of such notice, construed to require that the notice be given so as to allow a party a reasonable time to prepare for the hearing and to arrange matters so as to enable him to attend.

Appeal from the district court for Richardson county: John B. Raper, Judge. *Affirmed.*

*F. N. Prout,* for appellants.

*J. E. Leyda, contra.*

Heard before Morrissey, C. J., Aldrich and Flansburg, JJ., Hostetler and Morning, District Judges.

Flansburg, J.

This was an action to enjoin the city of Humboldt from collecting certain paving assessments. The injunction was denied, and plaintiffs appeal.

The first contention made is that the ordinance, upon which the proceedings were based, is void, for the reason that the municipal records do not show that it was read the third time before its final passage.

The city charter provides that ordinances shall be read

on three different days unless, by a three-fourths vote of the council, that rule is dispensed with, and shall require for their adoption the vote of a majority of the members of the council (Rev. St. 1913, sec. 5154); and it is further provided that, "on the passage or adoption of every by-law or ordinance, the yeas and nays shall be called *and recorded*" (Rev. St. 1913, sec. 5156).

The municipal records show that the ordinance in question was read on two different days. It does not appear that the rules were suspended. The only record of proceedings on the third day is that a motion was made and seconded "that ordinance No. 213 (the ordinance in question) be placed on third and final reading, the same to be adopted as one of the ordinances of the city of Humboldt, to take effect and be in force from and after its passage, approval and publication according to law, and the clerk is hereby instructed to have same published." This is followed by the entry: "Cope, 'yea,' Kotouc, 'yea,' Smith, 'yea,' Vertiska, 'yea.' Carried." The plaintiffs contend that this does not affirmatively show that the ordinance was read before its final passage and adoption, and contend that oral testimony, introduced to supplement the record and to show that the ordinance was in fact read, was incompetent and must be disregarded, and that the omission of any record evidence to show the reading of the ordinance the third time is fatal to the enactment.

Parol evidence has been held admissible to show steps taken in the enactment of laws, where a portion of the record covering such steps has been lost, and where the record is in that sense, incomplete (*State v. Frank,* 60 Neb. 327); or, where the legislative records are ambiguous or contradictory, parol evidence has been allowed to be given to make explanation of them (*State v. Junkin,* 79 Neb. 532); and the rule has been announced that an ordinance itself may be proved by the "common-law method," as well as by the method, specifically provided by statute, of introducing the certified and published ordinance (*Johnson v. Finley,* 54 Neb. 733; *Van Valken-*

*berg v. Rutherford,* 92 Neb. 803; *Shaw v. Alexander,* 94 Neb. 774); but none of these cases goes so far as to hold that where a record is made of legislative proceedings, and where no part of the record is lost, destroyed or missing, parol evidence may be admitted to show that certain steps were taken upon which the record is silent. On the other hand, we take it to be the rule that where the record is intact such evidence is not admissible to fill out its omissions. *People v. Rhodes,* 231 Ill. 270; *City of Covington v. Ludlow,* 1 Met. (Ky.) 295; *Stevenson v. Bay City,* 26 Mich. 44; 36 Cyc. 1248.

We are therefore confined to the determination of the validity of the ordinance upon the record as it stands. The record must be found sufficient in itself to show that the statutory provisions have been duly complied with.

It will be noted that the statute requires that a record of the yeas and nays on final passage shall be recorded. The statute does not affirmatively declare that the reading of the ordinance on three different days must also be recorded. The council record, showing that the ordinance was adopted and setting forth, in full, the vote taken on its passage, meets the specific requirement of the statute. Such a record raises a presumption that the statutory steps required for the passage and adoption of the ordinance have been complied with. The record does not affirmatively show that the ordinance was not read, and, that being the case, it appearing that the ordinance was passed and the vote taken thereon spread upon the records, a presumption arises that it was read. *Town of Ruston v. Lewis,* 140 La. 777; *State v. Cox,* 105 Neb. 75; *State v. Wagener,* 130 Minn. 424; *Emmons v. Southern P. R. Co.,* 97 Or. 263; *Harrison v. City of Greenville,* 146 Ky. 96; *Monett Electric Light, P. & I. Co. v. City of Monett,* 186 Fed. 360; 28 Cyc. 396.

By section 5147, Rev. St. 1913, prescribing the duties of the city clerk, it is provided that the city clerk "shall keep a correct journal of the proceedings of the council or board of trustees." This section does not specifically de-

scribe what the journal shall contain, nor does it make clear just how complete and detailed shall be the record of the council proceedings. There is no specific direction that the reading of ordinances shall be recorded. This general statutory provision, as we view it, so far as it may be involved here, is only directory, and a failure on the part of the city clerk to record the reading of the ordinance the third time, which reading, in our view of the law, is here presumed to have taken place, is not fatal.

A further objection is that the record does not affirmatively show the filing by the city engineer of an estimate of the cost of the proposed improvement before the letting of the contract, though such an estimate was a requisite to the validity of the proceedings. The council record, however, does show that the engineer's estimate of the cost of the improvement was approved and adopted. The estimate itself had been lost, but its substance was supplied by parol. Parol testimony was clearly competent for that purpose.

The further contention is made that notice to property owners had not been given of the meeting of the city council, when it convened as a board of equalization to fix assessments. The statute (Rev. St. 1913, sec. 5113) provides: "Notice of the time of holding such meeting, and the purpose for which it is to be held, shall be published in some newspaper published or of general circulation in said city or village, at least four weeks before the same shall be held or, in lieu thereof, personal service may be had upon persons owning or occupying property to be assessed."

Notice of this meeting was published, but it is conceded by both parties to this litigation that the notice was insufficient, both in point of substance and as to time.

It appears that personal notice was also given. The validity of the assessments must, then, depend entirely upon that. But it is contended that the personal service was bad. The property owners in the district were personally served with written notices, setting forth the time,

place and purpose of the meeting, the description of the lot or tract of land owned or held by the party served and the amount of tax proposed to be assessed against it. These notices were served from seven to ten days prior to the date of the meeting, which was held on July 13, 1920. Some of the notices, it is true, were, through mistake, dated July 23, but in each of them the time specified as the date for the meeting of the council was correctly set forth. The testimony in behalf of defendants and the town marshal's return upon the notices, showing the date of service, stand as uncontradicted proof that all notices were served at least seven days prior to the holding of the meeting. It is the plaintiffs' contention that these notices were insufficient for the reason that they were not served at least four weeks before the meeting. It is argued that the statute requires a four weeks' notice by publication and that a proper interpretation clearly indicates that, where personal service should be resorted to, it was intended that the notice should be served at least four weeks prior to the holding of the meeting. We do not so interpret the statute. The statute does not say that service may be had by publication and that four weeks must elapse after the completion of publication before the meeting may be held, but, on the other hand, says that the notice shall be published in some newspaper at least four weeks before the meeting shall be held, which, as we interpret it, means a publication once each week for four weeks. *Cook v. Gage County,* 65 Neb. 611. It is evident that the statute contemplates that the meeting may be held immediately after the four weeks' notice by publication has become completed. Whether that notice became complete immediately after the fourth publication or not until four full weeks had elapsed after the first publication, we find it unnecessary here to decide. The decisions of this court on that question are collected and discussed in *Pohlenz v. Panko,* 106 Neb. 156. However that may be, in the case of personal service, the notice is complete as soon as served. Neither in the case

of published notice, nor in the case of personal service, does the statute prescribe that any certain period of time shall elapse after the service is completed. Where no such time is prescribed by statute, we understand that a reasonable time will be implied. We take it, therefore, that the statute should be interpreted to mean that, where personal notice is resorted to, it must be served so that a party will be allowed an ordinarily reasonable time to prepare for the hearing and to arrange matters so as to enable him to attend. *People v. Frost,* 32 Ill. App. 242; *Burden v. Stein,* 25 Ala. 455.

In this case the notice seems to have adequately served the purpose. The meeting of the board of equalization was largely attended by the property owners in the district. None of the property owners appeared and objected that they had received no timely notice of the meeting, and we are unable to say, under the facts in this case, that the personal service, given from seven to ten days prior to the meeting, did not give reasonable notice in point of time.

For the reasons given, the judgment of the district court is

AFFIRMED.