VILLAGE OF DESHLER, APPELLEE, V. SOUTHERN NEBRASKA
POWER COMPANY, APPELLANT.

277 N. W. 77

FILED JANUARY 7, 1938. No. 30140.

*Stubbs & Stubbs* and *B. F. Napheys, Jr.*, for appellant.

*Perry, Van Pelt & Marti, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER
and MESSMORE, JJ., and ELDRED, District Judge.

CARTER, J.

This is a suit in equity to enjoin the defendant company
from continuing to occupy the streets and alleys of the
village of Deshler with its electric distribution system. The
trial court granted a mandatory injunction ordering the
defendant to remove all poles, wires, transformers, cross-

arms and other equipment in the streets and alleys of the village within 90 days from the date of the decree. From this order, defendant appeals.

The record discloses that in 1912 an application for a franchise permitting the construction and operation of an electric light plant and distribution system was made to the village of Deshler by the Bokenkamp brothers. The franchise was not granted, but the applicants proceeded to construct a plant and distribution system notwithstanding. In 1917 or 1918 the partnership was dissolved and a corporation known as the Deshler Light & Power Company succeeded to all the rights in the plant and distribution system formerly held by the partnership. In 1924 the defendant, Southern Nebraska Power Company, purchased the electric plant and distribution system of the Deshler Light & Power Company. On July 1, 1935, a written notice was served on defendant to remove its property from the streets and alleys of the village for the reason that it had no franchise, and, after a refusal to comply, this suit was instituted.

Defendant contends that it has a franchise to carry on its business within the village until the year 1940 by virtue of chapter 35 of the 1915 revised ordinances of the village of Deshler. A brief history of this chapter is necessary to a determination of its validity.

The record discloses that on July 6, 1915, the village board appointed Post & Post, of Columbus, Nebraska, to revise and prepare all village ordinances in printed and indexed form. It further appears that George R. Mann became associated with the firm of Post & Post and actually performed the services with reference to the revision of the village ordinances. On September 7, 1915, the village board considered ordinance No. 49, the same consisting of existing ordinances as revised by George R. Mann. It, however, included chapter 35 which purported to be an ordinance granting a 25-year franchise to the Deshler Light & Power Company. It is conceded that no prior franchise ordinance had ever been passed, but defendant

contends that the adoption of ordinance No. 49, purporting to reenact all previous existing ordinances and the franchise ordinance therein shown as chapter 35, constituted a grant of a franchise to the Deshler Light & Power Company.

The record of the proceedings of the village board on September 7, 1915, shows that a motion was made and seconded "that said ordinance No. 49 being an ordinance, revising, classifying and indexing all the ordinances of a general nature be advanced to its first reading and rules suspended." The record further discloses that the rules were suspended and the ordinance placed on second and third reading and a unanimous affirmative vote noted in the minutes. The record does not show that ordinance No. 49, or any part of it, was ever read. No mention is made in the minutes of the grant of a franchise or of the specific provision of the ordinance covering that subject.

The defendant offered the testimony of George R. Mann to the effect that on September 7, 1915, an ordinance designated as chapter 35 of ordinance No. 49 was presented to and adopted by the village board which purported to grant a 25-year franchise to the Deshler Light & Power Company. The records were searched and no evidence of such an ordinance was found. The defendant offered in evidence a carbon copy of the original ordinance claimed to have been adopted and which had been retained in the files of Mr. Mann. The trial court excluded this evidence and we think properly so. Secondary evidence is admissible in a case such as we have before us where the minutes of the board have been lost or destroyed. We know of no rule, however, that permits secondary evidence to be offered where the board proceedings are complete and plain in their meaning. In other words, secondary evidence is not competent to establish the acts of a legislative body where the minutes are available and the record merely silent as to the acts attempted to be proved. *Hull v. City of Humboldt*, 107 Neb. 326, 186 N. W. 78. We necessarily conclude that the trial court properly rejected this evidence.

The next question is whether the passage of ordinance No. 49, in the manner in which it was passed, was valid and sufficient to grant a franchise to the Deshler Light & Power Company.

The statute governing the enactment of an ordinance such as we have here before us provides that it' "shall be fully and distinctly read on three different days, unless three-fourths of the council or trustees shall dispense with the rule; and, in case the above rule shall be suspended, such ordinances, with the yeas and nays called and recorded, shall be read by title one time, when introduced, shall be read by title a second time after the rule shall have been dispensed with, shall be read at large and then put upon final passage." Comp. St. 1929, sec. 17-520. In the case at bar, the rules were suspended and the yeas and nays taken and noted in the minutes after each "reading." The record does not disclose that the ordinance was ever read. Neither is there any evidence that the ordinance was not read. Under such circumstances, the presumption is that the statute was complied with and that the ordinance was read, as by statute required. *Hull v. City of Humboldt, supra.* Plaintiff further contends that ordinance No. 49 was not properly published. The applicable statute is in part as follows: "And all ordinances of a general nature shall, before they take effect, be published within one month after they are passed, in some newspaper * * * or by publishing the same in book or pamphlet form. * * * When ordinances are printed in book or pamphlet form * * * the same need not be otherwise published." Comp. St. 1929, sec. 17-519. The ordinance in question was printed in pamphlet form, a copy thereof appearing in the record as exhibit No. 14. We necessarily conclude that, under the state of the record, ordinance No. 49 was regularly passed, approved and published.

There is no competent evidence in the record of the passage, approval and publication of an ordinance granting a franchise to the Deshler Light & Power Company prior to the passage of ordinance No. 49. Chapter 35 was

therefore in fact a new ordinance adopted by the village when it was passed, approved and published as a part of ordinance No. 49.

The title to ordinance No. 49 is: "An ordinance revising, collecting, classifying, dividing into chapters and sections and reenacting all the ordinances of a general and permanent nature of the village of Deshler, Nebraska, in force and effect at the date of the passage and approval hereof; and providing for the publication and distribution of this revision ordinance."

The governing statute is: "Ordinances shall contain no subject which shall not be clearly expressed in its (their) titles, and no ordinance or section thereof shall be revised or amended unless the new ordinance contain the entire ordinance or section as revised or amended, and the ordinance or section so amended shall be repealed." Comp. St. 1929, sec. 17-520. It seems clear to us that the title to an ordinance revising, classifying and indexing the ordinances of a village in force and effect on the date of its passage is not broad enough to include a new ordinance purporting to grant a 25-year franchise to a private company. The inclusion of chapter 35, the franchise ordinance, in ordinance No. 49 is violative of the mandatory provisions of section 17-520, Comp. St. 1929, and therefore of no force and effect.

Defendant contends that the village is estopped to deny the validity of the purported franchise ordinance. The record discloses that defendant has maintained and extended its transmission lines since the publication of ordinance No. 49. In fact, defendant purchased the whole system from the Deshler Light & Power Company since the publication of the invalid franchise ordinance. The evidence shows that defendant has expended a sum in excess of $20,000 in improving its electric plant and distribution system, exclusive of maintenance costs. Defendant has operated within the village for more than 20 years without objection on the part of the village or any one under the assumption that it had a 25-year franchise.

During all of this period the village has stood by and done nothing, permitting the defendant to construct and improve its works and enter into contracts with the public generally, even with the village itself. In a case very similar in principle, the supreme court of Illinois said: "It is insisted by appellant here that the doctrine of estoppel *in pais* has no application to this case, for the reason that the village authorities are not shown to have done any affirmative act calculated to influence others to act on the faith of said invalid ordinance. Theirs, it is said, is no mere nonaction. The judgment of the circuit court being rendered on the issues joined without evidence, must rest on the allegations of the answer not denied by the pleas. But among such allegations is the averment, that after the attempted passage of the disconnecting ordinance the village board caused it to be published, with its other ordinances, in pamphlet form. Here, certainly, was an affirmative act. Was it calculated to lead others to act upon the supposition that the ordinance was valid? Our statute provides that when city or village ordinances are printed in book or pamphlet form, purporting to be published by authority of the board of trustees or city council, such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances, as of the date mentioned in such book or pamphlet, in all courts and places, without further proof. (Rev. Stat. sec. 4, chap. 24.) Certainly respondents and all others had a right to act on that which relators had made legal evidence of the passage of the ordinance, which they now seek to treat as invalid." *People v. Maxon*, 139 Ill. 306, 28 N. E. 1074.

The Nebraska statute is very similar to that in Illinois and provides as follows: "All ordinances shall be passed pursuant to such rules and regulations as the council or board of trustees may provide; and all such ordinances may be proved by the certificate of the clerk, under the seal of the city or village, and when printed or published in book or pamphlet form, and purported to be published

by authority of the city or village, shall be read and received in evidence in all courts and places without further proof." Comp. St. 1929, sec. 17-521.

A text-writer states the rule to be as follows: "The doctrine of estoppel has often been applied when the question of the validity of an ordinance has been raised. * * * Thus where the ordinance is published in pamphlet form by public authority with the other ordinances of the municipality, a city cannot question its validity, on the ground that it was not validly adopted. Its publication estops the city from so doing." 2 McQuillin, Municipal Corporations (2d ed.) sec. 843.

In the case of *State v. Lincoln Street R. Co.*, 80 Neb. 333, 114 N. W. 422, this court said: "The courts, in a proper case, will apply the doctrine of laches to a case in which the state is a party plaintiff. The state, like individuals, may be estopped by its acts or laches, and should not be allowed to oust a corporation of its rights and franchises where, for a long series of years, it has stood silent and seen the corporation expend large sums in the acquisition of property and improvements made thereon under a claimed right so to do under its charter."

In the case of *Omaha & C. B. Street R. Co. v. City of Omaha*, 90 Neb. 6, 132 N. W. 731, this court said:

"We are therefore of opinion that the general finding of the district court in favor of the plaintiff and interveners was right, and should be adopted by this court. With this view of the case, we are not required to determine the question of the incidental powers of the street railway company. It is sufficient to say that the company supposed that it had the power under its charter to engage in the business of which the defendants now complain, and the city by its officers and agents assumed that it had such power, and by its acts not only permitted, but induced, the plaintiff to expend large sums of money, acquire valuable property, and enter into contract relations with the interveners and others to carry on that business. It follows that it would now be unjust and inequitable to

permit the city to destroy plaintiff's property and business, which it has thus fostered and encouraged, without compensation, and also deprive the interveners of their contractual rights therein. * * *

"It appears that the injunction by its terms was made perpetual, and, if not modified, may be at some future time construed so as to forever prevent the city from ousting the plaintiff from its streets and alleys under any circumstances. It seems clear that the operation of the order of injunction should not extend beyond the date of the expiration of the plaintiff's franchise, and that the defendant should only be restrained from interfering with or destroying the plaintiff's conduits, poles, wires and other property without compensation while the present conditions exist, and until the expiration of the plaintiff's *alleged or colorable franchise*." (Italics ours.)

In another case involving the same principle, this court said: "The doctrine of estoppel *in pais* is applicable to municipal corporations, and it is equally true that city councils or public authorities will be estopped or not as justice and right may require. There may be cases where to assert a public right would be an encouragement and promotion of fraud, but where a party acting in good faith under affirmative acts of a city has made such expensive and permanent improvements that it would be highly inequitable and unjust to destroy the rights so acquired, then the doctrine of equitable estoppel will be applied." *State v. McIlravy*, 105 Neb. 651, 181 N. W. 554.

Under the authorities cited, we conclude that the facts are such that the doctrine of laches applies and that the village of Deshler is estopped to claim the invalidity of the so-called franchise ordinance. The village of Deshler is not entitled to a mandatory injunction under the issues raised in this case prior to the date of the termination of defendant's alleged or colorable franchise. For the reasons stated, the decree of the district court is reversed and the suit dismissed.

REVERSED AND DISMISSED.