CITY OF YORK, NEB., v. IOWA-NE-BRASKA LIGHT & POWER CO.

No. 11576.

Circuit Court of Appeals, Eighth Circuit.

Feb. 15, 1940.

684

Robert Van Pelt, of Lincoln, Neb., and Calvin Webster, of York, Neb. (Ernest B. Perry, Lloyd J. Marti, Arthur E. Perry, and J. P. O'Gara, all of Lincoln, Neb., on the brief), for appellant.

George A. Lee, of Lincoln, Neb., and W. L. Kirkpatrick, of York, Neb. (John O. Sheldahl, of Lincoln, Neb., on the brief), for appellee.

Before WOODROUGH and THOMAS, Circuit Judges, and NORDBYE, District Judge.

THOMAS, Circuit Judge.

The appellant is a municipal corporation organized under the laws of Nebraska. The appellee, defendant in the district court, is a Delaware public service corporation engaged in owning and operating an electric generating plant and transmission system in the city of York, Nebraska. In the conduct of its business the defendant uses the streets and alleys of the city for the location of its poles, wires and cables, claiming the right to do so by virtue of Ordinance No. 104 approved by the city September 19, 1887.

Ordinance 104 granted to the York Gas and Electric Light Company, a 50-year corporation organized September 16, 1887, and to its successors and assigns, the right to construct and maintain an electric light power or gas plant or both in the city of York, Nebraska. The defendant, Iowa-Nebraska Light & Power Company, is by mesne conveyances the successor to whatever rights were originally granted by the ordinance, and to the ownership of all the properties used in generating and distributing electricity in the city.

This suit was brought to oust the defendant from the city on the ground that it is a trespasser and that its properties constitute a nuisance. As grounds for the allegation that defendant is a trespasser plaintiff alleged (1) that ordinance 104 is invalid and (2) that the grant thereunder terminated in 50 years. The defendant in its answer denied that it is a trespasser, alleging (1) that ordinance 104 granted a perpetual franchise and (2) that the city is estopped to claim that the franchise is invalid or terminated.

The court found for the defendant upon all the issues, and dismissed the plaintiff's petition.

The questions presented on this appeal are: 1. Was ordinance 104 legally enacted by the mayor and city council? 2. Does the ordinance properly construed grant a perpetual franchise, or is it limited to the corporate life of the grantee? 3. Did the city of York have power to grant a perpetual franchise? and 4. Is the city estopped?

If the ordinance is found to be valid and the franchise perpetual, the question of estoppel does not arise.

1. *Validity of Ordinance No. 104.*—The proceedings of the mayor and city council of the city of York with reference to the

adoption of ordinance 104 show that it was passed at a special meeting called for that purpose September 19, 1887. The minutes of the meeting so far as pertinent state: "Ordinance No. 104, being an ordinance granting the York E. L. & Gas Co. right to construct and operate a plant within the City, was read and on motion rule requiring three readings suspended and said ordinance put upon its passage with the following vote aye—Dibble, Foristall, Hale, Cowan—no none."

The material part of ordinance 104 states and provides:

"Being an ordinance authorizing and granting the right of the York Gas and Electric Light Company, its successors and assigns, to construct and maintain an electric light power or gas plant or both, in the city of York, Nebraska.

"Be it ordained by the Mayor and Council of the City of York, Nebraska.

"Section 1. That the said city of York hereby grants unto the York Gas and Electric Light Company, its successors or assigns, the right and privilege to construct, operate, extend, repair and maintain a system of electric light power or gas works in said city, and the erecting of poles and wire, and laying of pipes, cables and mains for the purpose of supplying electricity or gas to the city or citizens for lights, power and other purposes.

"Section 2. The said company, its successors or assigns, is hereby authorized to use any of the streets, avenues, alleys, bridges, sidewalks or public grounds of said city under the supervision of the street commissioner, for the purpose of making necessary excavations or erecting poles, posts or wire therein."

Other sections not copied regulate the use of the streets by the grantee; provide that rates charged shall be reasonable; make it a misdemeanor for anyone unlawfully to injure the property of the company; and provide that the ordinance shall be in force from and after its passage, approval and publication.

The contention of appellant is (1) that the record does not show (a) that the ordinance was read fully and distinctly on three different days, (b) nor that the rule requiring such reading was dispensed with by three-fourths of the city council; and (2) that the title of the ordinance is not broad enough to grant the right to erect poles and wires in the city streets and to operate, extend and repair them.

Section 79 of Art. 1, Chapter 14 of the Compiled Statutes of Nebraska for 1887, governing the enactment of ordinances in the city of York provided that it "shall be fully and distinctly read on three different days, unless three-fourths of the council or trustees shall dispense with the rule."

The record of the special meeting of the council shows that the ordinance was read once and that on motion the "rule requiring three readings" was dispensed with. The record is silent as to whether the ordinance was read "fully and distinctly"; and, except by implication, it does not indicate whether the rule requiring three readings was dispensed with by "three-fourths of the council". There is, however, no evidence that these statutory requirements were not complied with and the record does show that the ordinance was passed by the unanimous vote of the council. Under similar circumstances the Supreme Court of Nebraska has held that such a record raises a presumption that the ordinance was passed in full compliance with the statute. Hull v. City of Humboldt, 107 Neb. 326, 186 N.W. 78; Village of Deshler v. Southern Nebraska Power Co., 133 Neb. 778, 277 N.W. 77.

The statute (Comp.St.1929, § 17-520; Sec. 79, art. 1, c. 14 Comp.St.1887) further provides that "ordinances shall contain no subject which shall not be clearly expressed in its (their) titles." The title in this instance states that it is an ordinance granting the right "to construct and maintain an electric light power or gas plant or both, in the city of York, Nebraska." The challenge is that the title is not broad enough to include the grant in section 1 of the ordinance authorizing the grantee "to construct, operate, extend, repair and maintain a system of electric light power or gas works * * * and the erecting of poles and wire * * * for the purpose of supplying electricity * * * to the citizens for lights, power and other purposes." To support its contention appellant relies upon the decision of the Supreme Court of Nebraska in Lincoln Land Co. v. Village of Grant, 57 Neb. 70, 77 N.W. 349, 350. In that case the title of the ordinance under consideration stated: "An ordinance authorizing the Lincoln Land Company to construct and maintain a system of water works and use the streets

* * * for laying their mains and pipes"; and it was held that the language was not broad enough to cover a contract concealed in the ordinance requiring the village to pay rental for hydrants. The case is not in point. In the recent case of Gembler v. City of Seward, 1939, 136 Neb. 196, 285 N.W. 542, 544, the court, construing the statute, approved the rule that "'An abstract of the law is not required in the title;' nor need the title state the mode in which the subject is treated, nor the means by which the end sought by the enactment is to be reached", citing McQuillin, Municipal Ordinances, sec. 141, and 43 C.J. 523. The court then said: "Where the title indicates the subject of the proposed ordinance, the essential requirements of the statutory language quoted have been met, even though more appropriate language might have been employed therein." Applying this rule to ordinance 104 the contention of appellant is without merit.

2. *Duration of the Franchise.*—The appellant contends that the grant contained in the ordinance is limited in time to 50 years, the duration of the corporate life of the grantee, and the appellee maintains the grant is perpetual. No limitation is expressed in the ordinance. At the time of its adoption no act of the legislature of Nebraska limited the power of the city to grant franchises to any specific or maximum period.

■ Since the construction of the ordinance and the statutes are matters of local law, unless it be shown that they violate some constitutional provision, the decisions of the Supreme Court of Nebraska are controlling in the federal courts. Old Colony Trust Company v. City of Omaha, 230 U.S. 100, 116, 33 S.Ct. 967, 57 L.Ed. 1410. Under similar ordinances that court has repeatedly held that the grant of a franchise without a time limit is in perpetuity. A time limit on electric franchises was not imposed on cities such as York until 1911. The right to the use of the streets and alleys is a property right in the nature of an easement and, although the exercise of that right is subject to the police power of the state, the grant can not be taken away arbitrarily. Nebraska Telephone Co. v. Fremont, 72 Neb. 25, 29, 99 N.W. 811; State ex rel. v. Lincoln St. Railway Co., 80 Neb. 333, 114 N.W. 422, 14 L.R.A.,N.S., 336; City of Plattsmouth v. Nebraska Tele-

phone Co., 80 Neb. 460, 114 N.W. 588, 14 L. R.A.,N.S., 654, 127 Am.St.Rep. 779. These and other Nebraska decisions were construed by the Supreme Court in the Old Colony Trust Company case, supra, to mean that a grant without limit of a franchise under Nebraska law as it was in 1887 is in perpetuity, and we are bound by that decision.

■ The grant being to the York Gas and Electric Light Company, *its successors and assigns,* it was not limited to the period of the corporate life of the first grantee. Old Colony Trust Co. v. Omaha, supra; Calder v. Michigan ex rel., 218 U.S. 591, 31 S.Ct. 122, 54 L.Ed. 1163.

■ 3. *Power of City of York to Grant a Perpetual Franchise.*—While the powers of a municipal corporation are limited to those conferred upon it by law, either expressly or by implication (Interstate Power Co. v. City of Ainsworth, 125 Neb. 419, 250 N.W. 649), there can be no doubt that the city of York in 1887 had ample power to grant a franchise in perpetuity, such as that granted in ordinance 104. Under the statute then in force (Ch. 14, art. 1, § 69, subd. 14, Comp.St.1887) the council was given the care, supervision and control over streets and alleys of the city; power to provide for and regulate the lighting of the streets; and to give to any person or company "the exclusive privilege of furnishing gas to light the streets * * * for any length of time, not exceeding twenty-one years". It is claimed that the last quoted section contains a limitation controlling in this case. Such a contention is without merit. The ordinance under consideration is not "exclusive", and the issues in this case are not concerned with a contract to light the streets with gas. The powers conferred by the statute, supra, are as broad as those discussed in the Old Colony Trust Company case, supra, and they were there held to give the city power to grant a perpetual franchise in the use of the streets of a city. See City of Plattsmouth v. Nebraska Telephone Co., supra.

We conclude that ordinance 104 was legally enacted; that it was in all respects valid; that it granted a franchise in perpetuity; and that the city of York had ample power to grant such a franchise. It is unnecessary, therefore, to discuss the question of estoppel.

Affirmed.