Chester KASPER, and others similarly situated, Plaintiffs and Appellants,

v.

CITY OF MANDAN, a Municipal Corporation, Defendant and Respondent.

Civ. No. 8919.

Supreme Court of North Dakota.

April 1, 1974.

Dwight C. H. Kautzmann, Mandan, for plaintiffs and appellants.

Richard P. Gallagher, Mandan, for defendant and respondent.

ILVEDSON, District Judge.

This action seeks to permanently enjoin and restrain the City of Mandan of exercising any jurisdiction or taxing authority over the NE¼ of Section 26, Township 139, North of Range 81 West in Morton County.

In the year 1928, one Edson P. Curtis filed a petition with the governing board of the City of Mandan, an incorporated city, seeking to have the above-described land excluded from the city limits of the City of Mandan. The land was agricultural and had not been platted. Notice of the petition was published in a newspaper as required by law. Thereafter, the governing board of the City of Mandan enacted an ordinance excluding the said quarter section of land from the city.

Six years later, in 1934, the governing board of the City of Mandan enacted another ordinance repealing the ordinance passed in 1929 which had excluded the NE¼ of Section 26 from the city. The 1934 ordinance states that Edson P. Curtis had misrepresented the facts in his petition filed with the City Commission and that the City of Mandan was wholly without jurisdiction to pass the 1928 ordinance. The 1934 ordinance is as follows:

### ORDINANCE

Be it resolved by the Board of City Commissioners of the City of Mandan, North Dakota:

(1). That whereas there was heretofore presented to the said City Commission a petition asking that there be excluded from the City of Mandan, North Dakota, the Northeast Quarter (NE¼) of Section Twenty-six (26), Township One Hundred Thirty-nine (139), North of Range Eighty-one (81), and in which petition it was represented, among other things, that Edson P. Curtis is the sole owner of the aforementioned tract of land, and in which petition it was further represented, that the petitioners are property owners of not less than three-fourths in value of the property in said

territory, and whereas there was subsequently, and pursuant thereto, an ordinance passed by the City of Mandan to exclude the aforesaid territory, and which said ordinance was passed on May 2nd, 1928 and whereas it has now come to the attention of said Board of City Commissioners that the said petitioners were at the time of the passage of said ordinance not owners of three-fourths of value of the said property, and said ordinance having been passed on the theory that all of the statements contained in the petition were true, when as a matter of fact they were untrue, and upon the supposition that all of the requirements for the exclusion of said territory have been complied with, and whereas the Board of City Commissioners of said City of Mandan acted therefore wholly without jurisdiction in passing the said ordinance to exclude said territory from the City of Mandan, North Dakota.

NOW, THEREFORE, it is hereby ORDERED that that certain ordinance known as an ordinance to exclude certain territory in the City of Mandan, North Dakota, passed on May 2nd, 1928, be and the whole thereof is hereby in all things expressly repealed.

A certified copy of the above ordinance was recorded in the office of the register of deeds of Morton County on September 21, 1955, in Book 44 of Miscellaneous on page 6. At the time of the passage of the 1928 ordinance Section 3969, Supplement Comp.Laws 1913 was in effect. It provides the procedure for exclusion and detachment of land from a city. It required that a petition asking for exclusion of land must be signed by property owners of not less than three-fourths in value of the land or area to be attached. This petition is then presented to the City Commission for its consideration.

The records of the office of county auditor show that in the year 1927 Edson P. Curtis was the owner of 108.06 acres situated in the NE¼ of Section 26 and that the full, true and one-hundred percent assessed valuation of the taxable value of his

land for that year was $3,444.00. The records show that in the year 1927 the Northern Pacific Railway Company was the owner of 11.94 acres of land in the said NE¼ of Section 26, and that the full, true and one-hundred percent assessed value of its property was $11,400.00. The tax records of the county auditor's office show that for the year 1928 Edson P. Curtis was the owner of 73.66 acres situated in the NE¼ of Section 26, and that the full assessed valuation of the taxable value of his land for that year was $1,366.00. The full assessed valuation of the taxable value of the 11.94 acres owned by the Northern Pacific Railway Company remained the same, to wit, $11,400.00.

At the time of the passage of the 1934 ordinance, Section 3968, Comp.Laws 1913, provided the procedure for the annexing of land to a city. It provided for the filing of a petition, similarly to Section 3969, *supra*. Section 3970, Comp.Laws 1913, required that notice of the presentation of a petition for annexation of land shall be published in a newspaper by the *petitioners*. It is acknowledged that when the City Commission passed the ordinance of 1934, a petition had not been filed. The City acted on its own initiative, and no notice of the proceedings was published.

It is claimed by the appellants that the 1934 ordinance was an attempt to annex or reannex land to the city. It is argued that since the law pertaining to annexation of land required a petition to be filed asking for such annexation and notice of the presentation of such petition published in a newspaper, the absence of such petition and the failure to publish resulted in the passage of a void ordinance. The appellants seek to have the ordinance of 1934 declared void and of no effect and the City of Mandan enjoined from assessing the property involved or exercising any jurisdiction or authority over it.

The City of Mandan contends that the ordinance of 1928 was null and void because the City Commission did not have authority or jurisdiction to enact such an ordinance in view of the fact that the petitioners, for the exclusion of the land from the city, were not the owners of three-fourths in value of the land sought to be excluded. It is pointed out that Section 3799, Compiled Laws 1913, did not require a publication or notice to the public of the passage of an ordinary ordinance. It is contended that the 1934 ordinance was not an annexing or reannexing of land but merely a finding by City Commissioners that the 1928 ordinance was void and of no effect. The City of Mandan contends that since 1934 the City of Mandan has, without interruption, exercised governmental control over the NE¼ of Section 26 without challenge or opposition and that the appellants are estopped to question the jurisdiction of the city over the property.

The trial court in its findings of fact determined the following:

"That since the passage of the ordinance of June 20, 1934, the City of Mandan has exercised its governmental jurisdiction of the said Northeast Quarter (NE¼) in, among other things:

"1. The assessment of the property therein;

"2. The levy of taxes against the property therein;

"3. Encompassing the territory within the voting precincts of the City;

"4. Conducting municipal elections therein;

"5. Incurring bonded indebtedness against the property therein;

"6. Maintaining a street lighting system on certain streets therein;

"7. Constructing and maintaining streets and roads therein;

"8. Permitting subdivisions of properties therein;

"9. Providing police and fire protection therein; and

"10. Exercising general police powers therein."

The City of Mandan has exercised jurisdiction over the NE¼ of Section 26 for nearly forty years. The general rule that property owners are estopped by reason of a long-continued acquiescence to question directly the validity of the extension of the boundaries of a municipality is well-settled. State ex rel. Walker v. McLean County, 11 N.D. 356, 92 N.W. 385, 391; State ex rel. the City of Minot v. Willis, et al., 18 N.D. 76, 118 N.W. 820; Lowden v. Hooper, 188 Okl. 595, 112 P.2d 172 (Okl.); Alexander v. Trustees of Village of Middleton, 92 Idaho 823, 452 P.2d 50 (Idaho); 56 Am.Jur.2d, sec. 80; 2 McQuillin on Municipal Corporations, 3rd ed., Section 9.09.

The North Dakota decision of State ex rel. the City of Minot v. Willis, et al., *supra*, is quite in point. That involved an action commenced in 1907 in which the issue was whether certain land was within the city limits of the City of Minot. In 1890 a petition had been presented to the City of Minot to exclude Section 14 from the city. After a notice of the petition was duly published, the city council merely passed a resolution excluding the land instead of an ordinance required by law. The opinion pointed out that for a period of ten years after the attempted exclusion of the area from the city by the resolution of the City Council, everyone assumed and acted on the assumption that the land was a part of Harrison township and that the electors took no part in municipal affairs of the City of Minot. The opinion of Judge Fisk states, at 118 N.W. 821:

"Whether it can be said that the motion which was carried by the city council was the equivalent of, and in effect, an ordinance within the meaning of said statute, we do not determine, as we choose to place our decision in this case upon the broad principle of acquiescence and estoppel resting upon the ground of public policy.

" * * * It is apparent that for a period of 10 years after the attempted segregation of this territory every one assumed and acted on the assumption that the method pursued for the setting off of said property from the city limits was valid, and that said territory became and was a part of Harrison township. It is therefore fair to presume that during all such time the residents of this territory exercised no rights either as electors or otherwise of the city of Minot and took no part in its municipal affairs, but that they did, on the other hand, vote, and participate, in the affairs of the township. * * * Under this state of facts we are firmly convinced that the trial court did not err in its conclusion that the city of Minot by this long acquiescence is now estopped to claim that said territory was not legally segregated from its corporate limits. Indeed, it would be a reproach upon the law to hold, in view of these facts, that the city is not thus estopped. Public policy demands that the doctrine of estoppel should be invoked in such a case. In this conclusion we are amply supported by authority. 28 Cyc. 214, and cases cited. We quote from the text as follows: 'Taxpayers or inhabitants may be estopped to question the validity of annexation or detachment of territory to or from a municipal corporation, as by acquiescence in the annexation or delay in attacking the same, or by failure to exercise the rights of contravention and appeal given them by statute. So also a municipality may be estopped.' "

There appears to be merit in the contention of the City of Mandan that the 1928 ordinance was completely void for lack of jurisdiction on the part of the city to enact such an ordinance because of failure to comply with the statutory requirements. However, we do not find it necessary to consider this issue or the issues raised by the appellants. Estoppel was pleaded in the answer to the complaint. To hold that the 1934 ordinance was void and the 1928 ordinance was still in effect and valid at this late stage would open a Pandora's box of litigation. If, after the passage of the 1928 ordinance, the City of Mandan had never exercised municipal authority over the land, the city would equally be estopped from claiming at this time that the 1928

ordinance was void. State ex rel. the City of Minot v. Willis, et al., *supra*; People ex rel. Village of Colfax v. Maxton, et al., 139 Ill. 306, 28 N.E. 1074; 56 Am.Jur.2d, sec. 88. We note that the appellants do not dispute the detailed findings of the trial court hereinbefore set forth showing the exercise by the City of Mandan of municipal functions and acts, including assessment and taxation, over the NE¼ of Section 26 since 1934. We hold that the principle of equitable estoppel applies under the facts in this case and that the appellants and their predecessors in title are estopped by reason of long-continued acquiescence to question the inclusion of the property within the city limits of the City of Mandan. The decision of the district court is affirmed.

ERICKSTAD, C. J., and TEIGEN, KNUDSON and PAULSON, JJ., concur.

The Honorable ROBERT VOGEL deeming himself disqualified did not participate; the Honorable ROY A. ILVEDSON, Judge of the Fifth Judicial District sitting in his place.